THE STATE *ex rel.* PHELAN, *Assignee*, v. ENGELMANN.

1. **Jurisdiction**: EQUITY: POWER TO SET ASIDE JUDGMENT. The circuit court, being a court of original chancery powers in this state, has jurisdiction to enjoin the issuance of execution upon a judgment procured by fraud in the court of common pleas, notwithstanding such judgment has been affirmed by the Supreme Court.

2. ————: MANDAMUS. Where the circuit court has jurisdiction, such jurisdiction cannot be questioned or controlled by mandamus, however erroneously it may be exercised.

*Mandamus.*

WRIT DENIED.

The following is the return to the alternative writ of mandamus in this case:

"The said respondent comes now, and for return to the alternative writ of mandamus herein admits the institution of the suit by A. J. P. Garesche against the president, directors and faculty of St. Vincent's College, and the recovery by said plaintiff of the verdict

and judgment on June 9, 1877, the taking of an appeal by the defendant to this court, the reversal of said judgment, the granting of the motion for a re-hearing, and the affirmance of said judgment as stated in said alternative writ. And the said respondent states that he cannot issue the writ of execution demanded by the relator because he stands enjoined from .doing so by a decree rendered and writ of injunction issued by the circuit court of Cape Girardeau county, a court of general and competent jurisdiction, rendered after due notice to and hearing of all the parties thereto, all of which will fully appear from a transcript. of said proceedings herewith filed and made a part hereof.

" The respondent states that the alternative writ correctly sets forth the petition for said decree, and he admits that the relator appeared in said circuit court in answer to said suit in equity, and contested the same, and alleges that after the rendition of final judgment against him, applied for, and was granted, an appeal to this court, where the said cause is now pending.

"And respondent denies that any plea of *res adjudicata* which may have been filed by the relator in said cause was sustained by proof, or that all or any of the matters or things alleged in said bill as grounds for the relief therein sought, were, or could have been, passed upon, or in any otherwise adjudicated by this court on the re-hearing of said appeal, or at any other time, but the respondent avers that the files of this court will, and do, show that in the original abstract of the record prepared by the attorneys for the appellant in said cause, the instructions above referred to were stated to have been given only on behalf of the respondent therein, and that no exception was taken to said abstract in this respect, but its correctness admitted, and that upon a submission of said cause the judgment therein was, by this court, on December 20, 1880, reversed, and the said cause remanded, and that on December 29, 1880, the re-

spondent therein filed a motion for a re-hearing, alleging that the original transcript in said cause showed that the instructions, because of the giving of which on behalf of said respondent, this court had reversed the judgment, had also been given on behalf of the appellant, which motion was by the court on January 7, 1881, sustained. That on April 19, 1881, the said appellant filed in this court an application alleging that the instructions had not in fact been given on behalf of said appellant, but only on behalf of the respondent, Garesche, and that the transcript erroneously showed that they had been given for said appellant, and supported the same by affidavits fully showing the facts and the cause of the mistake, and asking for a writ of *certiorari* to bring to this court a correct transcript; that said application was by this court granted, and a *certiorari* issued on April 29, 1881; that in response to said writ a transcript was filed in this court which showed, first, the instructions given for said defendant; next, the modification of two instructions asked by it by the court, and their giving by the court, as modified, and exceptions to the action of the court in so modifying said instructions, and then, under the caption, 'erroneous instructions,' were inserted the two instructions in controversy, and the endorsement thereon by the judge of the court which tried the case, as follows: 'The above endorsement, to-wit: "Defendant's instructions," written in pencil, appears to be in my hand writing, and is simply a clerical error made by me. This instruction was given for the plaintiff, and not for the defendant. The same theory is embraced at the close of instruction number nine for defendant, but it was added by the court, and not given at defendant's instance or request' (page 199); that on May 22, 1882, the said respondent asked this court for a *certiorari* asking, among other things, that a transcript be sent to this court, omitting therefrom the above endorsement of said judge; that the said appellant resisted said application and

insisted that the amended transcript was perfect and should be taken as true by this court, and that June 29, 1882, this court made the following indorsement upon the said respondent's application for a *certiorari :* 'It appearing, from the transcript filed in obedience to the writ of *certiorari*, that there is no error in the original transcript as to the instructions upon which the re-hearing was granted, the cause will be set down for hearing on the October term on the original transcript.' And this respondent avers that said affirmance was had solely and alone upon said original transcript, and that there was not in fact in anywise an adjudication by this court upon the question of said error and mistake in said original transcript ; that said action was at law pending in this court on appeal, and of which this court only had appellate and not original jurisdiction ; that relief could only be had by the appellant against and from the result of such mistake by a proper suit in a court of equity, and that no original equitable jurisdiction could be conferred upon this court by any motion or suggestion of any party to an action at law pending before it on appeal ; that the appellant in said cause fully showed to this court all the facts of said error and mistake, not in contradiction of the transcript, but in support of its application for a *certiorari*, and as corroborative of the endorsement of said judge upon said erroneous instructions, but that this court held that such matter could not be investigated before it in said cause, but that it would, and did, in fact, decide said cause upon said original transcript, and upon it alone ; that thereafter the appellant in said cause filed its bill in equity in the circuit court of Cape Girardeau county, a court of general and competent jurisdiction, a copy of which bill is inserted in said alternative writ, and that upon a hearing of said cause, the facts therein stated being fully proved, the said court gave judgment and rendered a decree, among other things, perpetually enjoining this defendant from issuing

an execution upon the judgment in favor of said Garesche against said St. Vincent's College, and setting the same aside; that a writ of injunction has been accordingly served upon this respondent, and under it he stands enjoined by a court of competent jurisdiction from issuing said execution, and should he do so he is in danger of being held liable for damages, and to arrest for violating its decree and writ, and that said judgment has been set aside by a decree of a court of competent jurisdiction, which latter decree remains in full force and unreversed, and the same is now pending in the court by appeal therefrom by this relator, and beyond the jurisdiction of said circuit court, and until reversed it is binding upon all the parties thereto, and especially this relator and respondent; that the real party in interest in this proceeding and in maintaining the correctness of said decree, to-wit: the president, directors and faculty of St. Vincent's College is not a party to this proceeding and not before the court, and that it has a right to be heard, and that as the judgment upon which this relator demands a writ of execution to be levied upon the property, real and personal, of said president, directors and faculty of St. Vincent's College, has been set aside, annulled, and the enforcement thereof enjoined by the decree and judgment of a court of competent jurisdiction, which latter decree and judgment remains in full force and effect, the issuing of said execution by this respondent, and its enforcement against and sale of the property of the said president, directors and faculty of St. Vincent's College thereunder, would be a saving of the said property of the president, directors and faculty of St. Vincent's College without due process of law, in violation of the provisions of section one of the fourth amendment to the constitution of the United States, and of section thirty of article two of the constitution of this state.

"Wherefore, by reason of the facts of this case, this respondent says he ought not to be compelled by a writ

of mandamus to issue the writ of execution demanded by the relator, contrary to said decree and writ of injunction of said circuit court. And having fully answered] he asks to be discharged with his costs."

The following is the motion by relator for a peremptory writ of mandamus upon respondent's return:

"Now comes the relator herein, and moves the court for a peremptory writ of mandamus on the return of the respondent herein to the alternative writ of mandamus, on the following grounds, to-wit: (1) Said return does not show cause why the peremptory writ should not issue. (2) Said return shows affirmatively on its face that this court on June 29, 1882, ruled and held that there was no error in the original transcript in the case of A. J. P. Garesche against the president, directors and faculty of St. Vincent's College, and that a re-hearing was granted in said case and had on said original transcript, notwithstanding the application by said college for a writ of *certiorari* to bring to this court a correct transcript, notwithstanding the issuance of such writ, and notwithstanding the filing in this court of a transcript in response to said writ. (3) Said return shows on its face that all the grounds relied on in the bill in equity brought by said college in the circuit court of Cape Girardeau county against this relator were before this court, and were determined and adjudicated by this court against said college, prior to the filing of said bill in equity. (4) The injunction issued by said circuit court against respondent herein, mentioned and described in said return, directed the respondent herein not to issue execution against said college, when at the date of said injunction said respondent had been theretofore directed by the mandate of this court to carry out the judgment of this court affirming the judgment of the Cape Girardeau court of common pleas in said case of said Garesche against said college. (5) Said return shows that respondent herein refuses to

obey the mandate of this court, because an inferior court has enjoined him from obeying such mandate. (6) The injunction issued by said circuit court against respondent herein, was without authority and is void, it being an attempt to nullify the process of this court, and to review and reverse the solemn judgment of this court. (7) Said return is in other respects vague, indefinite, and insufficient, and is not fully responsive to the allegations in said alternative writ contained."

*Walker & Walker* for relator.

The circuit court had no jurisdiction in this matter. Its decree was an absolute nullity. "A failure of justice through the error of the judge, the incompetency of the jury, or the omission of the party to present his case in a proper manner, does not warrant the intervention of a chancellor." White & Tudor's Leading Cases in Equity, vol. II., part 2, p. 1328; *Holmes v. Statler*, 57 Ill. 209; *McClure v. Miller*, 1 Bailey's Eq. 107; *Foster v. Wood*, 6 Johnson's Ch. 89; *Marine Ins. Co. v. Hodgson*, 7 Cranch, 332; *Wilsey v. Maynard*, 21 Ia. 107; *Nicholson v. Patterson*, 6 Humph. 394; *Smith v. Allen*, 63 Ill. 474.

*J. B. Dennis* also for relator.

(1) Madamus will issue from this court where the court below neglects or refuses to discharge its duty. *State ex rel. v. Cape Girardeau Court Common Pleas*, 73 Mo. 560; *State ex rel. Harris v. Laughlin*, 75 Mo. 366. Or to compel the performance of a ministerial duty. *State, etc., v. Garesche*, 65 Mo. 480. (2) The facts stated in the petition of relator warrant the issuance of a mandamus. High on Ex. Leg. Rem., sec. 17; *Etheridge v. Hull*, 7 Port. 47; *In re Trustees*, 1 Barb. 34; *Fremont v. Crippen*, 10 Cal. 211; *King v. Bank*, Douglas, 520. Mandamus is asked to a court in which no proceeding

has been had from which an appeal would lie, and this court is asked to compel respondent to do his duty, which relator has a legal right to have done. *State v. Dougherty,* 45 Mo. 294; *State v. Lafayette Circuit Court,* 41 Mo. 22; *Williams v. Court,* 27 MO. 225. (3) Equity will not enjoin, unless there is an allegation and proof of injustice, and this injustice can only be shown by stating a defence which the court may see is a valid one. *Sauer v. City of Kansas,* 69 Mo. 47; *Matson v. Field,* 10 Mo. 100; High on Inj. (2 Ed.) sec. 179. (4) The facts stated in the petition show no fraud on the part of Mr. Garesche. Story's Eq. Juris. (11 Ed.) sec. 205. (5) Judgments of courts of last resort are revisable only by themselves. Story's Eq. Juris. (11 Ed.) sec. 1580; *Roushell v. Maxwell,* Hemp. 25; *McCrimmon v. Cooper,* 37 Tex. 423.

*Louis Houck* and *R. H. Whitelaw* for respondent.

(1) A judgment of an inferior court may be set aside in equity for fraud. Freeman on Judgments (1 Ed.) sec. 486. When a judgment has been obtained by fraud, jurisdiction will be entertained. *Miles v. Jones,* 28 Mo. 89; *Marx v. Fore,* 51 Mo. 74; *Harris v. Sanders,* 38 Mo. 422; *Ritter v. Press Ass'n,* 68 Mo. 458; *Carolus v. Koch,* 72 Mo. 646; *Smith v. Sims,* 77 Mo. 273; *Duncan v. Lyon,* 3 Johns. Ch. 365. (2) A court of equity will set aside a judgment of an inferior court, although affirmed by the Supreme Court for fraud, accident, or mistake. *Kohn v. Lovett,* 43 Ga. 179; *Wilson v. Montgomery,* 14 S. & M. 205. (3) The rule is that in equity the judgments of high, as well as inferior courts, may be assailed. Kerr on Fraud and Mistake, 293; *Boulton v. Scott,* 2 Green's Ch. 231, *et seq.;* 20 How. St. Tr. 544. (4) In this state original equitable jurisdiction is vested in the circuit courts, and errors committed in the exercise of this jurisdiction must be corrected by

writ of error or appeal. (5) Mandamus will not lie where the party aggrieved has another adequate remedy. High on Ex. Leg. Rem., sec. 15; *Ex parte Ry. Co.*, 65 Ala. 599; 62 Ala. 252. Where an express remedy is afforded by statute for the redress of a grievance, mandamus will not lie. High on Ex. Leg. Rem., secs. 16, 177–180, and cases cited; *State v. Howard County Court*, 39 Mo. 375; *State v. McAuliff*, 48 Mo. 112; 73 Mo. 101; 40 Mich. 63.

*D. L. Hawkins* and *Smith & Krauthoff* also for respondent.

The alternative writ does not show a state of facts which entitles the relator to the relief prayed for. 2 Story's Eq. Jur. (12 Ed.) secs. 1570, *et seq.*; 2 Dan. Chy. Pr. (5 Ed.) sec. *1624; 3 Pom. Eq. Jur., sec. 1364. "The object of the injunction is to prevent the person against whom it issues from availing himself of an unfair advantage, resulting from fraud, accident or mistake, or otherwise, the enforcement of which is against conscience." 1 High on Inj. (2 Ed.) secs. 113, 114; Freeman on Judgments (3 Ed.) sec. 500 *a*, and note; *Little v. Price*, 1 Madd. Chy. 183; *Pearce v. Olney*, 20 Conn. 544–554; *Stanton v. Embry*, 46 Conn. 595; *Dobson v. Pearce*, 12 N. Y. 156–165; *Webster v. Skipwith*, 26 Miss. 341–348; *Kohn v. Lovett*, 43 Ga. 179, 181; Kerr on Fraud and Mistake, 293; *Boulton v. Scott*, 2 Green's Ch. 231, *et seq.* Where full and ample relief can be had by appeal, writ of error, or otherwise, courts will not, and should not, permit the functions of these every day remedies to be usurped by mandamus. *Ex parte Ry. Co.*, 65 Ala. 599. Nor will it lie to correct an error in the final judgment or decree of an inferior court. *Ex parte Schmidt*, 62 Ala. 252. Nor to compel an inferior court to enter a given judgment. *State v. District Court*, 32 La. Ann. 1306; *Ex parte French*, 100 U. S. 1. "An inferior court cannot be compelled to reverse a decision it has made in

the exercise of its legitimate jurisdiction. That is the office of a writ of error, or an appeal, but not of a writ of mandamus." *Ex parte Flippin*, 94 U. S. 348 ; *Ex parte Loring*, 94 U. S. 418 ; *Ex parte Perry*, 102 U. S. 183–186. And the case is not changed because the appropriate remedy may involve an inconvenient delay. *Ex parte Perry*, 102 U. S. 183–186. The remedy by mandamus is an extraordinary one, and in no case will it be allowed unless the party has no other legal remedy. The absence of this other remedy is not alleged in the petition in this case, and there can be no pretense that the relator cannot obtain full and adequate relief against any error committed by the circuit court by an appeal to this court. High on Ex. Leg. Rem., secs. 15, 177–180, and cases cited ; *State v. Howard County Court*, 39 Mo. 375 ; *State v. Mc-Auliff*, 48 Mo. 112 ; *Mansfield v. Fuller*, 50 Mo. 338 ; *Potter v. Todd*, 73 Mo. 101.

SHERWOOD, J.—This is an original proceeding in this court, having for its object the issuance of a peremptory writ of mandamus to compel respondent, who is the clerk of the common pleas court of Cape Girardeau, to issue execution on a judgment formerly obtained in that court by Alex. J. P. Garesche against the president, directors and faculty of St. Vincent's College, afterwards affirmed in this court (76 Mo. 332), and which judgment, prior to such affirmance, had been assigned by Garesche to relator. After such affirmance, the defendants in that cause, by petition, in the nature of a bill in equity, filed in the Cape Girardeau circuit court, charging fraud on the part of Garesche in procuring, on re-hearing, an affirmance of the judgment, which, at first, had been reversed, obtained, on final hearing in the circuit court, a decree granting a new trial in the cause, in accordance with the opinion of this court as first delivered, and perpetually enjoining and restraining relator and Engelmann, who were parties defendant in the circuit court, from

issuing execution on the judgment of the common pleas court. From this decree relator has appealed, and his appeal is now pending in this court. These, in brief, are the facts presented in this case, and upon which relator, denying the sufficiency of respondent's return, but admitting, by his motion, the truth of its recitals, asks that a peremptory writ issue.

I. Mandamus is not the proper remedy in this case. It is among the fundamentals of the law relating to the issuance of such a writ that it will not be awarded but as an extraordinary remedy, only issuing when the law, in the ordinary methods of its procedure, is powerless to grant relief. It results from this principle that relief will not be granted an aggrieved party in this unusual way, where he may attain the same result by invoking another adequate legal remedy. In all such cases the courts uniformly refuse to exercise their extraordinary jurisdiction in behalf of a party who, in such a situation, seeks it. To rule otherwise than this, would be to allow a writ of mandamus to usurp the functions of an appeal or writ of error. " Indeed, the interference in such cases would, if tolerated, speedily absorb the entire time of appellate tribunals in revising and superintending the proceedings of inferior courts, and the embarrassment and delay of litigation would soon become insupportable, were the jurisdiction by mandamus sustained in cases properly falling within the appellate powers of the higher courts." High on Ex. Leg. Rem., secs. 15, 177, 180, and cases cited; *Blecker v. St. Louis, etc.*, 30 Mo. 111; *Potter v. Todd*, 73 Mo. 101; *Williams v. Judge, etc.*, 27 Mo. 225; *State v. Howard County Court*, 39 Mo. 375; *State ex rel. v. McAuliff*, 48 Mo. 112; *Mansfield v. Fuller*, 50 Mo. 338; *State ex rel., etc., v. Lubke*, 85 Mo. 338. And the principle announced in respect to refusing the writ of mandamus is not affected, nor the case changed because the appropriate remedy may in-

volve inconvenient delay, or operate harshly or oppressively on the party complaining, or by reason of the fact that the judgment of the subordinate court is plainly erroneous, if the question passed upon by such court was properly within its jurisdictional powers. High on Ex. Leg. Rem., sec. 189; *Ex parte Perry*, 102 U. S. 183.

But it is insisted that the circuit court of Cape Girardeau county had no jurisdiction in the premises, and that, to correct the assumption on the part of that court of an unwarranted jurisdiction, a peremptory writ should issue. The doctrine is a familiar one that equity will interfere where a judgment is obtained or entered at law, through fraud, accident or mistake, and by all appropriate means will protect the rights and interests of the party who would otherwise be injudiciously affected thereby. This equitable interference manifests and enforces itself in an almost infinite variety of ways. One of the most common methods of procedure is by enjoining the inequitable judgment; another, by setting it aside. 3 Pom. Eq. Jur., sec. 1364; 2 *Ib.*, secs. 836, 871; 1 Story's Eq. Jur., sec. 252 *a;* 2 *Ib.*, sec. 876 *a;* 2 Dan. Ch. Pr. 1624. But a court of equity, in granting injunctive relief, does not act upon the courts whose judgments it enjoins, nor claim any supervisory power over such courts or their proceedings. It acts solely on the party. Its writ of injunction is not even addressed to those courts. It neither assumes any superiority over those courts, nor denies their jurisdiction. It grants its restraining orders, which are directed only to the parties, on the sole ground that from certain equitable circumstances, of which the court of equity has cognizance, it is against conscience that the party inhibited should be allowed to enforce his claim or judgment. 2 Story's Eq. Jur., secs. 875, 1571. The action of a court of equity, in such circumstances, is very succinctly stated in the case of *Wingate v. Hayward*, 40 N. H. 437, where it is remarked by the court that, "if, however, the judgment of a court of common

law having general jurisdiction, be rendered by accident ·or mistake, or through fraud, or any fact exists which proves it to be against conscience to execute the judgment, of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud, accident, or mistake, unmixed with any fault or negligence of himself, or his agents, a court of equity may interfere by temporary or perpetual injunction, to restrain the adverse party from availing himself of such a judgment. Fraud will vitiate a judgment, and a court of equity may declare it a nullity. Equity has so great an abhorrence of fraud that it will set aside its own decrees if founded thereupon.

And, "where the judgment has been procured by artifice or concealment, on the part of the plaintiff, and the court where the fraud has been perpetrated is not able to afford adequate relief, then a court of equity will take hold of the party who has committed the fraud, and will prevent his using the judgment to the injury of his adversary." *Tompkins v. Tompkins*, 3 Stock. (N. J. Eq.) 512–514. Mr. Kerr says: "In applying this rule, it matters not whether the judgment impugned has been pronounced by an inferior, or by the highest, court of judicature in the realm, but in all cases alike, it is competent for every court, whether superior or inferior, to treat as a nullity any judgment which can be shown to have been obtained by manifest fraud." Kerr on F. and M. 294. In *Boulton v. Scott*, 2 Green's Ch. 231, it is declared that the jurisdiction of a court of equity to set aside a judgment for fraud extends to *all* courts, the *grade* or *character of the court* making no difference. In the case of *Wilson v. Montgomery*, 14 Smedes & Marshall, 205, the court say, that where a judgment is obtained in the lower court by a false return, and *affirmed in the Supreme Court*, the affirmance in the Supreme Court *will not make any difference in the result*. And,

further, that "any other rule would destroy all confidence in judicial proceedings." A ruling analogous to this was made in Georgia, where, owing to the fact that the certificate of the trial judge to the bill of exceptions was by mistake improperly *dated*, in consequence of which the bill of exceptions was dismissed in the Supreme Court, and the judgment, in consequence of such dismissal, affirmed, it was held that equity, as administered by one of the circuit courts of that state, would enjoin the collection of the judgment thus affirmed. *Kohn v. Lovett*, 43 Ga. 179.

I have cited the authorities on the question of fraud, etc., and of the jurisdiction which courts of equity take in such cases, even when the claim ripens into judgment, and into the affirmance of that judgment, by the *highest appellate court*, merely to show that the circuit court, in the present instance, which, generally speaking, is the only tribunal which is possessor of original chancery powers in this state, had the power to take cognizance of the matters stated in the petition for equitable relief filed in the circuit court by the president and directors of St. Vincent's College. Of the sufficiency of that petition I do not purpose to speak, nor of the nature and propriety of the decree rendered thereon; for if the jurisdiction of the circuit court be conceded, such jurisdiction, however erroneously exercised that jurisction may be, cannot be questioned or controlled by mandamus. High on Ex. Leg. Rem., sec. 189. Nor can the circuit court, by entertaining jurisdiction in this instance and proceeding to a final decree, be regarded as wanting in proper respect for the judgment of this court. Its action, in this regard, only goes so far as this: That an unconscionable advantage has been gained in the original action, by the plaintiff, which a court of equity will not permit his assignee to retain, and which advan-

tage no powers but the flexible powers of a court of equity are able to wrest from his hands.

The peremptory writ will, therefore, be denied. All concur.