Zel M. Fisher, Judge,
dissenting
Introduction
This Court’s power to issue remedial writs derives from article V, section 4.1 of the Missouri Constitution. State ex rel. Dir. of Revenue v. Mobley, 49 S.W.3d 178, 179 (Mo. banc 2001). A writ of mandamus may issue under very limited circumstances as it “is a hard and fast unreasoning writ, and is reserved for extraordinary emergencies.” Norval v. Whitesell, 605 S.W.2d 789, 791 (Mo. banc 1980).
A court should issue a writ of mandamus only if the relator has demonstrated a clear, unequivocal, and specific right to have the respondent take action. State ex rel. Missouri Growth Ass’n v. State Tax Comm’n, 998 S.W.2d 786, 788 (Mo. banc 1999). I would not issue a writ of mandamus in this case because Todd Hewitt has an adequate remedy by appeal following arbitration. See Rule 84.22(a); State ex rel. Reser v. Martin, 576 S.W.2d 289, 290-91 (Mo. banc 1978). I strongly disagree with the per curiam opinion’s sidestepping of the statutory right of appeal and issuance of a writ of mandamus in this case, claiming “mandamus is an appropriate remedy when alternative remedies waste judicial resources or result in a burdensome delay, creating irreparable harm to the parties.” Op. at 806. That justification/rationalization is untenable in a case like this, in which the timeline[1] alone demonstrates that the resolution of contract law issues in response to the motion to compel arbitration under the guise of sav *825 ing judicial resources or avoiding delay is just the wrong decision.
Facts and Procedural History
Hewitt sued the St. Louis Rams for age discrimination- under the Missouri Human Rights Act (MHRA). The Rams filed a motion to stay the proceedings-, or in the alternative to dismiss, and to submit the case to arbitration. The circuit court stayed the proceedings and submitted the case to arbitration. Hewitt then filed a motion to amend the circuit court’s order, asking for dismissal so he could immediately appeal. The circuit court sustained the motion and dismissed the case. The court of appeals reversed the dismissal and reinstated the prior stay order. See Hewitt v. St. Louis Rams P’ship, 409 S.W.3d 572, 574 (Mo.App.2013). It held that the proper procedure when compelling arbitration is to stay the court proceedings, not to dismiss the case, because § 435.355.[2] requires that actions involving an issue subject to arbitration “shall be stayed.” Id.
An order staying court proceedings and submitting a case to arbitration is not a final judgment. Therefore, Hewitt has no right to appeal at this stage of the proceedings. “The right to appeal is purely statutory....” Buemi v. Kerckhoff, 359 S.W.3d 16, 20 (Mo. banc 2011) (internal quotation marks omitted). Generally, an appeal is available only from a final judgment. See §-512.020(5), RSMo Supp. 2013. There is an exception for those seeking to enforce arbitration agreements but not for those opposing arbitration. If a circuit court refuses to allow arbitration, an appeal is immediately available (this is known as an “interlocutory” appeal because issues remain unresolved.). See § 435.440.1(1)-(2). On the other hand, the statute provides no interlocutory appeal from a circuit court’s order submitting a case to arbitration. State ex rel. MCS Bldg. Co. v. KKM Med., 896 S.W.2d 51, 53 (Mo.App.1995). If a circuit court submits a case to arbitration, that ruling stands until the end of the circuit court proceedings.
Awaiting the end of the circuit court proceedings to appeal its rulings is the normal procedure, not the exception. Hewitt attempted to avoid the delay of an appeal and filed a petition for an extraordinary writ. The court of appeals issued a preliminary order in mandamus (no preliminary writ of prohibition was issued) and issued an opinion quashing the writ. Thereafter, this Court granted transfer. When the court of appeals issues an opinion in a writ case, and thereafter this Court grants transfer, this Court treats the case as if the writ petition were filed originally in this Court. See State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 874-75, 880 (Mo. banc 1982) (deciding a mandamus case filed originally in the court of appeals, following transfer); State ex rel. Adrian Bank v. Luten, 488 S.W.2d 636, 637 (Mo. banc 1973) (stating that the Court would treat a prohibition case as if the writ petition were filed originally in this Court, following transfer), overruled on other grounds by State ex rel. Farmers Ins. Co. v. Murphy, 518 S.W.2d 655, 664 (Mo. banc 1975).
Standard Required to Issue a Writ of Mandamus
This Court set out the standard for mandamus in State ex rel. Missouri Growth Association:
Mandamus is a discretionary writ, and there is no right to have the writ issued. Mandamus will he only when there is a clear, unequivocal, specific right to be enforced. The purpose of the writ is to *826 execute, not adjudicate. Mandamus is only appropriate to require the performance of a ministerial act. Conversely, mandamus cannot be used to control the judgment or discretion of a public official.
998 S.W.2d at 788 ^emphasis added) (citations and internal quotation marks omitted) (reversing the issuance of a writ of mandamus). When the law gives the respondent discretion, mandamus is inappropriate regardless of whether that discretion is abused. See id. at 788-89. In addition, it has long been settled that “[bjefore mandamus will lie, something more is required than the likelihood that the alternative remedies may involve inconvenient delay.” State ex rel. Kelley v. Mitchell, 595 S.W.2d 261, 268 (Mo. banc 1980). As the Court stated in State ex rel. Kelley, quoting State ex rel. Phelan v. Engelmann, 86 Mo. 551, 561-62 (1885):
Mandamus is not the proper remedy in this case. It is among the fundamentals of the law relating to the issuance of such a writ that it will not be awarded but as an extraordinary remedy, only issuing when the law, in the ordinary methods of its procedure, is powerless to grant relief It results from this principle that relief will not be granted an aggrieved party in this unusual way, where he may attain the same result by invoking another adequate legal remedy. In all such cases the courts uniformly refuse to exercise their extraordinary jurisdiction in behalf of a party who, in such a situation, seeks it.... And the principle announced in respect to refusing the writ of mandamus is not affected, nor the 'case changed because the appropriate remedy may involve inconvenient delay, or operate harshly or oppressively on the party complaining....
Id. (omissions in original). In my view, this Court should adhere to its precedent and not issue the extraordinary writ of mandamus when adequate relief may be had by alternative means. Id. at 269. The nature of the mandamus remedy itself counsels in favor of restraint.
Furthermore, mandamus issues only for the relief requested and should not be used to fashion a new remedy not already clearly established. See State ex rel. Corcoran v. Carnahan, 669 S.W.2d 548 (Mo. banc 1984). “[T]he rule is well settled that ... he who seeks mandamus must specify just what he wants, nothing more or less. Thus, unless we can grant the relief sought, we can grant no relief.” State ex rel. Hart v. City of St. Louis, 356 Mo. 820, 204 S.W.2d 234, 240 (1947) (citations and internal quotation marks omitted); see also State ex rel. State Highway Comm’n v. Allison, 296 S.W.2d 104, 111-12 (Mo. banc 1956) (acknowledging that the prayer for relief in a mandamus petition binds the Court’s grant of relief).
Hewitt has convinced those members of this Court who join in the per curiam opinion to sidestep the requirement of a final judgment. While Hewitt succeeded in baiting the Court to review his contract claims by filing a petition for an extraordinary writ-of mandamus to prohibit arbitration of his claims, he failed to obtain the relief he sought: not to arbitrate at all. As a result of the per curiam opinion, he will be forced to arbitrate pursuant to terms neither party requested or anticipated.[3] It defies logic that this Court should *827 use an extraordinary writ to instruct the circuit court to impose a remedy that Hewitt may not have even wanted and that he certainly did not request.
Although this Court has incorrectly stated and applied the standard for when an appellate court should issue a writ of mandamus, this Court need not perpetuate the error. The principal opinion relies solely 'on State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 855 (Mo. banc 2006), for authority to conduct a merits review of the legal issues presented in this case, which are nothing more than'issues of contract law and statutory interpretation. The principal opinion states, “This Court recognized, in State ex rel. Vincent v. Schneider, that a writ of mandamus is an appropriate mechanism to review whether a motion to compel arbitration was improperly sustained.” Op. at 805. There are two major mistakes in relying on State ex rel. Vincent as authority for that proposition. First, not one sentence in State ex rel. Vincent even discusses or analyzes whether a writ of mandamus is “an appropriate mechanism” to review an order sustaining or overruling a motion to compel arbitration. State ex rel. Vincent v. Schneider did not overrule sub silentio all of this Court’s opinions regarding what is required for this Court to issue a writ of mandamus. It is basic American jurisprudence that issues not analyzed or discussed in an opinion provide no precedential value. “Sub silentio is defined as ‘without notice being taken or without making a particular point of the matter in question.’ ” Badahman v. Catering St. Louis, 395 S.W.3d 29, 37 n. 10 (Mo. banc 2013) (“ ‘If the majority chooses to overrule [a case] it is far preferable to do so by the front door of reason rather than the amorphous back door of sub si-lentio.’ ”) (alteration in original); see also State v. Honeycutt, 421 S.W.3d 410, 422 (Mo. banc 2013) (“[T]he implicit.nature of a sub silentio holding has no stare decisis effect and is not binding on future decisions of this Court.”).
Second, there is no question that the constitution provides that the circuit court has jurisdiction to rule on a motion to compel arbitration arid that the remedy provided by the legislature to review the circuit court’s ruling, whether it sustains or overrules the motion to compel arbitration, is by appeal. Because the legislature has provided for an adequate remedy at law — a statutory right of appeal — a writ of mandamus is not appropriate. See Rule 84.22(a).[4]
Hewitt’s Appellate Remedy Is Adequate
Hewitt argues, in part, that the circuit court erred by submitting the case to arbitration because the arbitration agreement is unconscionable. His primary argument for unconscionability is that the arbitrator appointed by the agreement, the NFL commissioner, is inherently biased in favor of the Rams. Hewitt can seek the same relief he seeks on this' unconscionability claim by filing an application to vacate the *828 arbitrator’s decision for “evident partiality” after the arbitrator has issued a decision. Section 435.405.1(2). If Hewitt does not agree with the circuit court’s ruling concerning the application to vacate, he can appeal the judgment. See § 435.440.1(6).
Hewitt cannot raise his claims of uncon-scionability in a motion to vacate the award in the circuit court following arbitration because the circuit court has already ruled against him on those claims in the proceedings to compel arbitration.[5] See § 435.405.1(5). However, this does not affect Hewitt’s statutory right to appeal the circuit court’s previous ruling after it enters a final judgment.
After arbitration, the circuit court “shall confirm [the] award” upon application of a party, unless the court is urged to vacate, modify, or correct the award. Section 435.400. If the circuit court confirms, modifies, or corrects the award — that is, if it does not vacate the award — “judgment or decree shall be entered.” Section 435.415. An appeal can then be taken from that judgment or decree “in the manner and to the same extent as from orders or judgments in a civil action.” Section 435.440.1(6), .2.
A party can challenge the circuit court’s previous orders in the case in an appeal from a final judgment. See § 512.020(5), RSMo Supp. 2013 (“[A] failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.”). Therefore, if the arbitrator’s award stands in any form, Hewitt can challenge the circuit court’s previous ruling that there was a contract to arbitrate in an appeal from the circuit court’s final judgment. His appellate remedy, like all others who must wait until the end of circuit court proceedings to challenge its rulings, is adequate.
Judge Stith’s opinion cites two of this Court’s cases for the proposition that a writ of mandamus is the appropriate procedure. Neither case even hinted that a writ should be used. Both were appeals. Brewer v. Missouri Title Loans, 364 S.W.3d 486, 487 (Mo. banc 2012); Lawrence v. Beverly Manor, 273 S.W.3d 525, 527 (Mo. banc 2009). Judge Stith’s opinion also suggests that the immediate use of a writ is necessary because “the courts” should review whether there is a valid contract to arbitrate before arbitration takes place. In fact, the legislature provided for this type of pre-arbitration judicial review by permitting circuit courts to determine the validity of arbitration agreements when a challenge is brought. See §§ 435.355, 435.435. However, when a circuit court concludes there is a valid arbitration agreement, the statutes make clear that the time for review by appellate courts is after the arbitration takes place, at the end of the circuit court proceedings. A writ should not be used to undermine this legislative choice — which can hardly be considered “pointless” — to favor the swift resolution of arbitrable cases without the routine interruption of interlocutory appeals challenging arbitration agreements. Like in the vast majority of other cases, the end-of-case right to appeal gives adequate protection to those wishing to challenge circuit court errors.[6]
*829 Conclusion
Notably, Hewitt does not argue that he cannot appeal the circuit court’s rulings after it reaches a final judgment, but that it would be unduly burdensome to wait. In my view, the “alternative remedies waste judicial resources or result in a burdensome delay” justification applied by the principal opinion certainly has not proved itself useful in this case[7] and leaves the door open for unending interruptions by appellate courts attempting to correct discretionary rulings or errors of law intended to be resolved by the statutory appeals process. The General Assembly has foreclosed an appeal for Hewitt at this stage of the proceedings, but he has the ability to raise his claims, including his specific claim that the arbitrator is biased, after arbitration during the normal course of judicial review and appeal. Because Hewitt has an adequate remedy by appeal, I would not issue an extraordinary writ.

. Writ petition filed in the court of appeals: September 26, 2013
Preliminary order issued by the court of appeals: September 30, 2013
Answer and suggestions in opposition filed: October 9, 2013
Reply suggestions filed: October 11, 2013
Case submitted: October 15,2013
Writ quashed by opinion-court of appeals: October 22, 2013
Transfer to this Court ordered: February 25, 2014
Relator's substitute brief filed: March 17, 2014
Respondent's substitute brief filed: April 14, 2014
Relator's substitute reply brief filed (pursuant to time extension): May 9,2014
Argued and submitted: May 21, 2014
Opinion granting writ requiring arbitration by this Court: April 28, 2015

. Statutory citations are to RSMo 2000 except where otherwise indicated.

. Although I disagree with both the per cu-riam opinion and with Judge Stith that the Court should decide this writ case, as if it were an ordinary appeal, if the record in this case is to be reyiewed as an appeal, I would agree with Judge Stith’s determination that the record supports that the parties agree to arbitrate pursuant to the NFL guidelines, which at least gives proper deference to the circuit court’s credibility determinations and *827 its factual findings of the merits. The circuit court's conclusions that the arbitration agreement is not unconscionable and must be enforced according to its terms as written is supported by this record.

. The parties in this case did brief and argue the procedural issue of whether an extraordinary writ is appropriate to resolve the issues presented. The principal opinion demonstrates the problem with this Court treating an original proceeding in mandamus as if it were an appeal. The prayer for relief in Hewitt's writ petition requests an order requiring the circuit court to overrule the Rams' motion to compel arbitration. It does not request the relief the per curiam opinion grants: an order modifying the preliminary order this. Court did not issiie but directing the circuit court to appoint a new arbitrator.

. Section 435.405.1(5) allows a party to claim, in an application to vacate the arbitration award, that there was no agreement to arbitrate, as long as the circuit court has not already ruled against such a finding during proceedings to compel arbitration.

. The issue of whether Missouri's version of the Uniform Arbitration Act denies a challeng *829 er to an arbitration agreement a day in court, in violation of the "open courts” guarantee of the Missouri Constitution, is for another day. The briefing in this Court does not raise any argument based on the open courts guarantee, and the issue is not preserved.

. Had the request for extraordinary writ been promptly and properly denied, this case would already have proceeded to arbitration, and, if necessary, with the benefit of a full and complete record final judgment, an appeal could have been sought.