[No. 7,523.—In Bank.]

B. J. SHAY v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO.

JURISDICTION—SUPERIOR COURT—MUNICIPAL COURT—COUNTY COURT—JUSTICES' COURT—APPEAL.—It is no objection to the jurisdiction of the Superior Court that the record in an action which had been appealed from the Justices' Court was filed in the late Municipal Court of San Francisco, without any order transferring the same from the late County Court, it appearing that the record was subsequently filed in the Superior Court.

APPEAL—NOTICE OF APPEAL—WAIVER—PRACTICE—CERTIORARI—JURISDICTION.—On the trial of an action on appeal from a Justice's Court to a Superior Court, a party appeared by counsel, and made no objection to the regularity of the proceedings. Held, that it is too late to object by certiorari to the jurisdiction of the Superior Court, on the ground that the notice of appeal was defective.

PETITION for the writ of certiorari.

No briefs on file.

The COURT:

This is an application for a writ of certiorari to review the judgment of the Superior Court of the City and County of San Francisco.

It appears from the petition that a judgment was rendered in the court of a justice of the peace within said city and county, in favor of the petitioner, and on an appeal, or, *as it is claimed,* on an irregular and imperfect attempt to take an appeal, a judgment was rendered against the petitioner by the Superior Court. It is claimed on behalf of the petitioner, that the notice of appeal and the undertaking are substantially defective; and it is also claimed that the papers on appeal were never filed in the County Court, but on the contrary they were filed in the Municipal Court of Appeals for said city and county, without any order of transfer from the County Court. It is urged, therefore, that the Superior Court had no jurisdiction to try the case. The return shows, however, that the papers in the case were in the Superior Court of the City and County of San Francisco, and that Court succeeded to all the powers and jurisdiction of the County Court and Municipal Criminal Court, under and by virtue of the Constitution which went into operation on the 1st day of January, 1880. (Const. § 3, art. xxii; see also Laws of 1880, p. 3.)

It further appears, that when the case was tried the petitioner appeared by counsel, made no objection to the regularity of any of the proceedings, and defended the action upon its merits. It is too late now to complain of the insufficiency of the notice or undertaking on appeal. (*Reynolds* v. *Harris,* 14 Cal. 677; *Hayes* v. *Shattuck,* 21 id. 53; *Mahoney* v. *Middleton,* 41 id. 41.)

Writ denied.