[No. 8,224. Department Two.—October 21, 1884.]

## CAROLINE NICHOLL, APPELLANT, *v.* JOHN NICHOLL, RESPONDENT.

PRACTICE—CHANGE OF VENUE—AFFIDAVIT OF MERITS—TIME OF FILING.— An affidavit of merits and an application for a change of the place of trial of an action must be filed when the defendant appears and answers or demurs. An affidavit and demand filed before such appearance are of no avail.

ID.—AFFIDAVIT OF MERITS BY ATTORNEY.—An affidavit of merits on a motion for a change of the place of trial may be made by the attorney of the party applying for the change, where it shows a sufficient reason for its not being made by the party himself.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a change of the place of trial.

Suit for a divorce. The defendant moved for a change of the place of trial to the county of Kern, where he resided. The motion was based upon an affidavit of the defendant, and was made before he had answered or demurred. Subsequently, the defendant demurred to the complaint, and at the same time moved for a change of the place of trial on the affidavit of one of defendant's counsel, which stated, as a reason why it was not made by the defendant, that he was at a long distance from the county where the action was pending, and could not arrive within the time allowed to plead, and if he pleaded without making the motion, his right would be lost.

The other facts appear in the opinion of the court.

*Eyre & Frank*, for Appellant.

*Flournoy, Mhoon & Flournoy*, and *J. W. Freeman*, for Respondent.

The Court.—The affidavit of merits and demand that the trial be had in the proper county, which were filed before the defendant answered or demurred, were wholly inconsequential. To be of any avail, such affidavit and demand must be filed when the defendant appears and answers, or demurs. (C. C. P. 396.)

In this case, we can only consider the order made on the motion, which was based upon the affidavit and demand filed at the time the defendant appeared and demurred. And if the affidavit of merits is sufficient, the order must be affirmed. The affidavit was made by one of defendant's attorneys.

In *Johnson* v. *Lynch*, 15 How. Pr. 199, Bacon, J., after reviewing cases decided before and since the adoption of the Code, said : " In view of these cases, I think it must be conceded that the affidavit of the attorney of a party will be sufficient where it swears to merits, and shows an adequate excuse for its not being made by the party ; absence beyond seas or out of the State will usually be deemed sufficient." An examination of the cases has brought us to the same conclusion. *Bailey* v. *Taaffe*, 29 Cal. 423, does not hold the contrary. In that case, the affidavit of the attorney was held to be insufficient in several respects, one of which was that no reason was given why the defendant himself did not make it. That of itself was a sufficient objection.

In this case, the affidavit states a sufficient reason for defendant's not making it. The attorney who made it bases his belief that the defendant has a good and substantial defense to the action upon the merits, on a statement of the case in writing made by defendant to said attorney, and on " the affidavit of the defendant filed in this cause." Under the New York rule, it would have been sufficient on that point to have said : " From a statement of the case in this action, made to deponent by defendant, deponent believes," etc.

On the whole, we think the affidavit of merits sufficient.

Order affirmed.