[Civ. No. 1841.  First Appellate District.—September 15, 1916.]

## N. L. GARDNER, Appellant, v. WILLIS E. STEADMAN, Respondent.

CHANGE OF PLACE OF TRIAL—AFFIDAVIT OF MERITS—AFFIDAVIT OF THIRD PARTY — SECTION 396, CODE OF CIVIL PROCEDURE.—An affidavit of merits, under section 396 of the Code of Civil Procedure, on motion for a change of place of trial, may be made by any person on behalf of the defendant who is sufficiently familiar with the facts of the case to make the same.

ID.—INSUFFICIENT AFFIDAVIT—AMENDMENT.—An affidavit of merits, on motion for a change of place of trial, made by the defendant's wife,

which is insufficient by reason of containing affiant's mere conclusion as to defendant's residence, may be amended, and the affidavit of residence and merits of the attorney for the defendant, which is admittedly sufficient in form, may be considered as an amendment to the prior affidavit.

APPEAL from an order of the Superior Court of the City and County of San Francisco changing the place of trial of an action. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Algernon Crofton, and R. W. Gillogley, for Appellant.

Skinner, Skinner & Henshall, for Respondent.

RICHARDS, J.—This is an appeal from an order changing the place of trial of the action from the city and county of San Francisco to the county of Los Angeles, upon defendant's motion.

The said defendant was sued in the city and county of San Francisco upon a personal obligation and was duly served with process. Within the time required by law he appeared by his attorney of record and demurred, and at the same time filed a demand for a change of the place of trial of the action to Los Angeles County. There was also filed at the same time an affidavit of residence and merits, which affidavit, however, was not sworn to by the defendant but by his wife, who deposed therein that the defendant was temporarily absent from the state of California, and therefore, for that reason, the affidavit was made by her; that the residence of the defendant was some time prior to and at the time of the commencement of the action and thereafter in the county of Los Angeles; that the affiant was familiar with the facts of the case, and had fully and fairly stated the same to Newton J. Skinner, the defendant's attorney, and upon such statement had been advised by him and verily believed that the defendant had a good and substantial defense to the action on the merits. Upon the hearing of the motion plaintiff objected to this affidavit, but upon what grounds does not appear in the record. However, the defendant thereupon asked and obtained leave to file an amended affidavit of residence and merits, and thereafter presented and filed an affidavit

of merits and of residence sworn to by Newton J. Skinner, his attorney of record. The plaintiff, in opposition to the motion, presented a counter-affidavit as to the defendant's residence, and upon the hearing the court granted the defendant's motion for a change of the place of trial, whereupon plaintiff prosecutes this appeal.

The first contention of the appellant is that the affidavit of merits made by the defendant's wife and presented on his behalf on said motion was fatally defective and void, for the reason that it was not made by the defendant himself. Section 396 of the Code of Civil Procedure provides that the affidavit of merits upon motion for change of place of trial must be filed by the defendant. The supreme court, construing this section of the code in an early case, decided that this did not mean that the affidavit of merits must be made by the defendant, but upheld the sufficiency of an affidavit of merits made by the attorney. (*Nicholl* v. *Nicholl*, 66 Cal. 36, [4 Pac. 882].) This being so, we see no reason for holding that an affidavit of merits may not be made by any person on behalf of the defendant who is sufficiently familiar with the facts of the case to make the same; and hence that the affidavit of merits in this case made by the defendant's wife was a sufficient compliance with the statute.

The appellant further contends, however, that the affidavit of the defendant's wife, in so far as it purported to be an affidavit of residence of the defendant, was insufficient in point of form, for the reason that it did not contain facts showing that the defendant's residence was in Los Angeles at the time of the commencement of the action, but only contained a mere statement of the affiant's conclusion in that regard, which the appellant insists is insufficient for any purpose, citing the cases of *Bernou* v. *Bernou*, 15 Cal. App. 341, [114 Pac. 1000], and *O'Brien* v. *O'Brien*, 16 Cal. App. 103, [116 Pac. 692]. While it is true that these cases hold that an affidavit of residence when made by another than the defendant himself should contain more than the mere conclusion of the affiant, still we are of the opinion that an affidavit which merely states such conclusion may be made the subject of amendment in the discretion of the court; and in the case at bar the court, upon the application of the defendant, permitted the defendant to file an amended affidavit of residence and merits; whereupon he filed the affidavit of his attorney

of record, which it is not contended by the appellant is insufficient in subject matter. But the appellant urges that this affidavit cannot be considered as an amendment to the prior affidavit, and hence should not be received as such. It has been held, however, that the filing of a new affidavit of merits by another affiant is a sufficient compliance with an order of the court permitting an amended affidavit to be filed upon motion for a change of the place of trial. (*Palmer & Rey* v. *Barclay*, 92 Cal. 199, [28 Pac. 226].) This being so, and the affidavit of the defendant's attorney being admittedly sufficient in form and substance to comply with the requirements of section 396 of the Code of Civil Procedure, we think the court committed no error in granting the motion for a change of the place of trial of the action.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.