[Civ. No. 13024. Second Dist., Div. Three. May 11, 1942.]

WILLIAM DOSTER NOLAND, Appellant, v. VYOLA BUBB NOLAND, Respondent.

Calvin S. Mauk for Appellant.

William A. Reppy and Charles F. Blackstock for Respondent.

SCHAUER, P. J.— ▮ Plaintiff appeals from an order changing the place of trial of this action from Los Angeles

County to Ventura County. The only facts in the record which are pertinent and material on this appeal and hence require recital here are: No affidavit of merits as required by section 396b of the Code of Civil Procedure was filed by defendant, although she did file an affidavit of residence, thereby establishing that she was available and could have made an affidavit of merits if the facts justified it and she had been so minded. An additional affidavit bearing the same date as that signed by defendant was filed by one of defendant's counsel. In it he avers "that he has been acquainted with the facts of the case by the defendant . . . that he believes said facts have been fully and fairly stated to him; that he verily believes that the defendant has a good and substantial defense to the merits in this action; that it is the *bona fide* intention of the defendant to defend the same." Upon such showing the order cannot be sustained.

No reason is given for failure of the defendant to make her own affidavit of merits; no factual basis is stated for the loyal but apparently gratuitous belief of counsel that the facts were "fully and fairly stated to him." No acquaintance with the facts of the case is claimed by counsel except that given him by defendant. He does not even assert that his avowed belief that defendant has a good defense is based on a consideration of the facts stated to him by defendant; his belief as to the bona fide intention of defendant is obviously a conclusion and his belief that defendant has a "good and substantial defense *to* the merits" may envision something quite different from a defense *on* the merits.

So far as defendant's affidavit is concerned the case is similar to that which was before the Supreme Court in *Fernandez* v. *Fernandez* (1938), 11 Cal. (2d) 568 [81 P. (2d) 913], wherein, at page 569, it was said "If this was intended to be an affidavit of merits, it was clearly insufficient in that it failed to allege in substance that defendant had fully and fairly stated the case and all the facts thereof to her attorney, and that after such statement she was advised by her attorney and verily believed that she had a good and substantial defense on the merits. [Citing cases]." Furthermore, unless the clear significance of the legion of cases holding consistently that the affidavit of merits must substantiate a showing in substance as above set forth is to be ignored, we can ascribe little potence to the affidavit of counsel. On the basic point as to whether the facts of the case had been

fully and fairly disclosed to him it is devoid of evidentiary value; it expresses only naked belief, engendered perhaps by or in an unsworn statement of defendant but with no suggestion of personal knowledge or investigation as a competent basis for forming an opinion.

In *Bailey* v. *Taaffe*, (1866) 29 Cal. 422, 425, it was held that an affidavit of merits by an attorney was "manifestly insufficient." In *Nicholl* v. *Nicholl* (1884), 66 Cal. 36 [4 Pac. 882], an affidavit by an attorney, declaring as the basis of his belief the written statement of the case made to him by his client and an affidavit filed in the case, and stating "as a reason why it was not made by defendant, that he was at a long distance from the county where the action was pending, and could not arrive within the time allowed to plead, and if he pleaded without making the motion, his right would be lost" was upheld. It was declared in *Gardner* v. *Steadman* (1916), 31 Cal. App. 447, 449 [160 Pac. 834], that "We see no reason for holding that an affidavit of merits may not be made by any person on behalf of the defendant *who is sufficiently familiar with the facts of the case to make the same.*" (Italics added.) But we have discovered no case in which the proof of merits in the form of an insufficient affidavit personally executed by an available defendant has been held to be competently and adequately augmented by the addition of the mere sworn statement of *belief* of counsel, claiming no personal knowledge thereof, that the "facts have been fully and fairly stated to him" and that his client "has a good and substantial defense *to* the merits."

Under section 396b of the Code of Civil Procedure a defendant waives his right to have an action which is commenced in a court of competent jurisdiction transferred to the county of his residence unless "at the time he answers or demurs, [he] files . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court . . ." Under the circumstances depicted here the defendant must be held to have waived her right to a transfer. The order appealed from is reversed.

Shinn, J., and Wood (Parker), J., concurred.