[Civ. No. 14785. First Dist., Div. One. Jan. 29, 1952.]

W. C. NANNY, Appellant, v. THE RUBY LIGHTING CORPORATION (a Corporation), Respondent.

Mueller & McLeod for Appellant.

Dinkelspiel & Dinkelspiel, Harold A. Block, Knight, Gitelson, Ashton & Hagenbaugh and Alfred Gitelson for Respondent.

PETERS, P. J.—This is an appeal from an order granting a motion for change of venue.

The action was filed in San Francisco. The complaint fails to state the principal or any place of business of the corporate defendant, and fails to allege where the contract was made, where it was to be performed, where the obligation or liability arose,' or where the breach occurred. If the defendant's principal place of business was other than San Francisco, it is quite apparent that either under article XII, section 16 of the Constitution, or under the provisions of section 395 of the Code of Civil Procedure (assuming that that section applies to corporations) the defendant, upon taking proper steps, was entitled to a change of place of trial.

The steps required to be taken by a defendant desiring a change of venue are prescribed by section 396b of the Code of Civil Procedure. It provides, in part: "Except as otherwise provided in section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court . . ."

The record shows that defendant demurred and filed a notice of motion for an order for a change of venue, predicated on the allegations that if any contract was entered into between the parties it was entered into in Los Angeles County; that any obligation arising out of said contract arose in that county; that defendant's principal and only place of business is Los Angeles County; that the convenience of witnesses requires a change of place of trial, and that the court desig-

nated in the complaint is not the proper court for the trial of the action. This notice was supported by two affidavits. It is conceded that neither affidavit constituted a proper affidavit of merits, and that no such proper affidavit as required by the section was ever filed in the trial court.

The first affidavit was filed by the attorney for defendant. It avers that he, the attorney, has caused investigation to be made of the matters alleged in plaintiff's complaint with respect to the issues raised by the complaint, which investigation disclosed that five witnesses, all residents of Los Angeles, are necessary and material witnesses for defendant; that by these witnesses affiant expects to prove certain facts which are set forth and which, if true, show no cause of action; that all the records of defendant are in Los Angeles; that no witness proposed to be called is a resident of San Francisco. There is no averment in this affidavit that defendant's principal place of business is Los Angeles. This affidavit seems to be in support of a plea for a change of venue on the ground of convenience of witnesses, although it hints at an affidavit of merits by the attorney. The motion for change of venue based upon convenience of witnesses, here made at the time of demurring, was probably premature prior to the filing of the answer, because until then the issues to be tried have not been fixed. (*Cook* v. *Pendergast,* 61 Cal. 72; *Armstrong* v. *Superior Court,* 63 Cal. 410; *Wong Fung Hing* v. *San Francisco R. & R. C. Funds,* 15 Cal.App. 537 [115 P. 331]; *Pascoe* v. *Baker,* 158 Cal. 232 [110 P. 815]; *Carruthers* v. *Crown Products Co.,* 89 Cal.App.2d 326 [200 P.2d 819].)

The second affidavit is by Ben Ruby who avers that he is president of defendant; that the corporation maintains its principal and sole place of business in Los Angeles; that all records of the corporation are maintained there; that if any contract existed between the parties it was entered into in Los Angeles while plaintiff was a resident of that county; and that there does not exist, nor ever did exist, any special contract in writing between plaintiff and defendant relating to the place of performance. This, of course, did not constitute an affidavit of merits.

No counteraffidavits were filed, nor was any objection made in the trial court to the failure to file a proper affidavit of merits. The court granted the motion for a change of venue to Los Angeles County. Plaintiff appeals.

On this appeal plaintiff's main contention is that, because

no proper affidavit of merits was filed, defendant waived, under the provisions of section 396b of the Code of Civil Procedure above quoted, its right to have the place of trial changed to Los Angeles County. There can be no doubt that section 396b requires the filing of an affidavit of merits and that, had the trial court denied the motion for change of venue, the failure to file a proper affidavit of merits would, of itself, have been sufficient to sustain the ruling. (*Fernandez v. Fernandez,* 11 Cal.2d 568 [81 P.2d 913] ; *Noland* v. *Noland,* 52 Cal.App.2d 58 [125 P.2d 847] ; *Rowe* v. *Policy Holders Life Ins. Assn.,* 131 Cal.App. 339 [21 P.2d 443] ; *Mono Power Co.* v. *Los Angeles,* 33 Cal.App. 675 [166 P. 387] ; *Wells* v. *Wells,* 74 Cal.App.2d 158 [168 P.2d 73].)

These cases, however, do not contain the complete answer to the problem here presented. Defendant's counsel states that he has examined the record in all of these cases and that in all of them objection to the failure to file a proper affidavit of merits was made in the trial court. Plaintiff does not challenge this statement. This is important because had such an objection been made in the instant case, the defendant could have amended the defective affidavits to make them conform to the legal requirements. (*Jaques* v. *Owens,* 18 Cal.App. 114 [122 P. 430] ; *Palmer & Rey* v. *Barclay,* 92 Cal. 199 [28 P. 226] ; *Lundy* v. *Lettunich,* 50 Cal.App. 451 [195 P. 451] ; *Rowe* v. *Policy Holders Life Ins. Assn.,* 131 Cal.App. 339 [21 P.2d 443] ; *Joe Lowe Corp.* v. *Rasmusson,* 53 Cal.App.2d 490 [127 P.2d 1002] ; *Yellow Mfg. Acceptance Corp.* v. *Stoddard,* 93 Cal.App.2d 301 [208 P.2d 1040].) Although defendant made no effort to amend or supplement its affidavits in the lower court, apparently because the defect in such affidavits was not called to its attention in that court, it filed a proper affidavit of merits with this court at the time of the oral argument.

Where a procedural defect could be corrected in the trial court, and no objection is made in that court, it is generally held that the complaining party has waived his right to object and may not successfully raise the point on appeal. (*Shay* v. *Superior Court,* 57 Cal. 541; *Howard* v. *Harman,* 5 Cal. 78; *Rubel* v. *Peckham,* 94 Cal.App.2d 834 [211 P.2d 883] ; *Grimes* v. *Nicholson,* 71 Cal.App.2d 538 [162 P.2d 934] ; *Otsuka* v. *Balangue,* 92 Cal.App.2d 788 [208 P.2d 65].) Here no counteraffidavits were filed, nor was objection made in the trial court. In *Westover* v. *Bridgford,* 25 Cal.App. 548 [144

P. 313], this waiver rule was held to apply to a defective notice of motion for a change of venue. This rule would seem to apply with particular force to the present case. Here the complaint shows on its face that, at least in the face of a proper objection, San Francisco has no jurisdiction of the cause of action because it fails to allege any reason why the trial should be held in a county other than defendant's residence. ■ ■ As was said in *Goossen* v. *Clifton*, 75 Cal. App.2d 44, 47 [170 P.2d 104]: "The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence. (See cases collected 25 Cal.Jur., § 13, p. 866.) Actions in contract, except as provided in section 395 above quoted are personal actions triable in the county of defendant's residence. (See 25 Cal.Jur., § 15, p. 869.)" (See, also, *Crofts & Anderson* v. *Johnson*, 101 Cal. App.2d 418 [225 P.2d 594].)

As opposed to this concept, section 396b does provide that a court having jurisdiction of the subject matter has jurisdiction to try the action unless the defendant takes certain steps, one of which is to file an affidavit of merits. There is undoubtedly some conflict between the thought that the defendant has a right to have the action tried in the county of his residence unless the plaintiff pleads an exception, and the thought that the action may be tried where commenced unless the defendant properly moves for a change of venue. (See 25 Cal.Jur. p. 909, § 42.)

■ This apparent conflict can be reconciled, and the ends of justice served by holding that where a complaint fails to allege facts sufficient to deprive the defendant of his normal and important right to a trial in the county of his residence, and the defendant, by motion, calls this defect to the attention of the trial court, but fails to comply with all of the provisions of section 396b, and the plaintiff fails to object to this defective compliance in the trial court, the plaintiff must be deemed to have waived the defect, and is precluded from raising the point on appeal.

This conclusion is greatly strengthened by the rule that, had proper objection been made, a defective compliance with section 396b could have been cured in the trial court, and

by the fact that a proper affidavit of merits has now been filed in this court. This court, of course, has power to take additional evidence for the purpose of an affirmance. (*Estate of Schluttig,* 36 Cal.2d 416 [224 P.2d 695].) While appellant attacks the form of this affidavit, an examination of it demonstrates that it is in proper form.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.