Filed 8/28/20  Tinsley v. Glaude CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FREDERICK E. TINSLEY,<br><br>     Plaintiff and Cross-defendant,<br><br>v.<br><br>DONALD GLAUDE,<br><br>     Defendant, Cross-complainant and Appellant;<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, etc.,<br><br>     Cross-defendant and Respondent. | A156442<br><br>(Alameda County<br>Super. Ct. No. RG17874853) |

Donald Glaude appeals from a judgment entered for Deutsche Bank National Trust Company (Deutsche Bank) after the trial court sustained a demurrer to his fourth amended cross-complaint without leave to amend. Glaude argues the trial court erred in concluding that he failed to state a cause of action against Deutsche Bank, and that the trial court abused its discretion in sustaining the demurrer without leave to amend. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2005, Senora Glaude (Senora) and Frederick Tinsley obtained a loan from Washington Mutual Bank, FA (WAMU), secured by a deed of trust on real property located at 8096 Juniper Avenue in Newark, California (the

1

Property).[1]  Senora, now deceased, was Glaude's mother and Tinsley's grandmother; Tinsley is Glaude's nephew.  That same month, May 2005, Senora deeded the Property to herself and Tinsley as joint tenants.

A.    *Tinsley's Complaint and Glaude's Cross-Complaint*

In 2017, Tinsley sued Glaude for ejectment from the Property, alleging that starting in April 2010, after Senora's death, Glaude unlawfully prevented Tinsley from entering the Property.  Tinsley alleged that Glaude made modifications to the Property without the proper permits, converted it to a rental property containing several apartments, and thereafter rented the Property to tenants.

Representing himself, Glaude filed a cross-complaint in which he alleged claims against Tinsley and against Deutsche Bank as trustee of a WAMU trust.[2]  Glaude alleged that "[a]t all times relevant to this action," he held a 50 percent ownership interest in the Property as the successor in interest to the Senora Glaude Trust, to which Senora had transferred her interest in the Property; that starting in 2011 and up to 2016, Glaude served Deutsche Bank with documents that identified him as successor in interest to the Senora Glaude Trust, but his status was never acknowledged; and that from 2011 to 2016, Deutsche Bank had refused to accept payments on the mortgage from him and had "diverted" his payments to Tinsley.  He further alleged that in February and March of 2016, Deutsche Bank agreed to accept

---

[1] We draw the background facts as stated in this paragraph from Glaude's fourth amended cross-complaint and documents which have been judicially noticed.  We refer to Senora Glaude as "Senora" for the sake of clarity.

[2] We do not discuss Glaude's claims against Tinsley, who is not a party to this appeal.

his payments, but in April 2016 Deutsche Bank reverted to its prior practice; then, in May 2016, Deutsche Bank noticed a trustee's sale of the Property.

Based on these allegations, Glaude attempted to state three causes of action against Deutsche Bank. The first was that Deutsche Bank breached its fiduciary duty by refusing to acknowledge him as successor-in-interest in violation of Civil Code section 2920.7,[3] refusing to accept his payments after entering a verbal agreement with him, refusing to accept his payments and diverting them to Tinsley, and wrongfully noticing a trustee's sale. The second was for indemnification against the allegations in Tinsley's complaint, and the third was for declaratory relief in the form of an order that Deutsche Bank must indemnify him.

The court sustained Deutsche Bank's demurrer, concluding among other things, that Glaude could not state a claim based on a violation of section 2920.7, which took effect in 2017 and was not retroactive, because the relevant allegations concerned conduct from 2011 to 2016. The court granted

---

[3] Further statutory references are to the Civil Code unless otherwise specified. Section 2920.7 was enacted in 2016 as part of the Homeowner Bill of Rights, became effective January 1, 2017, and was repealed January 1, 2020. (See Stats. 2016, ch. 838, § 2.) Section 2920.7 required mortgage loan servicers to allow a "successor in interest" with an ownership interest in a deceased borrower's property to either apply to assume the loan of a deceased borrower or apply to assume the loan and for a foreclosure prevention alternative. (§ 2920.7, subds. (a), (d).) Section 2920.7 defined "successor in interest" to mean a natural person who "is the spouse, domestic partner, joint tenant as evidenced by grant deed, parent, grandparent, adult child, adult grandchild, or adult sibling of the deceased borrower, who occupied the property as his or her principal residence within the last six continuous months prior to the deceased borrower's death and who currently resides in the property." (§ 2920.7, subd. (i)(4).) The section did not apply to a successor in interest "who is engaged in a legal dispute over the property that is security for the borrower's outstanding mortgage loan and has filed a claim raising this dispute in a legal proceeding." (§ 2920.7, subd. (m).)

appellant leave to amend to state a claim against Deutsche Bank "for wrongful foreclosure or declaratory relief only," and explained in some detail what allegations would be required to state such a claim.

B.    *First Amended Cross-Complaint*

Represented by counsel, Glaude filed a first amended cross-complaint in which he attempted to allege two claims against Deutsche Bank, one for wrongful foreclosure, and one for declaratory relief. The first amended cross-complaint alleged facts similar to those in the original cross-complaint. For example, Glaude alleged that from 2011 to 2016, Deutsche Bank wrongfully failed to acknowledge that he is a successor-in-interest of the Senora Glaude Trust, as provided by section 2920.7, and that therefore he was "co-borrower as [s]uccessor in [i]nterest in the real [P]roperty." He sought a declaration that he is not the borrower or an obligor with respect to the 2005 deed of trust. He also sought a declaration that Deutsche bank breached a verbal agreement to give him the opportunity to permanently modify the loan secured by the deed of trust if he made certain trial payments, which he did; and that he was entitled to recover payments he made in connection with the Property.

The trial court sustained Deutsche Bank's demurrer to the wrongful foreclosure cause of action without leave to amend and sustained its demurrer to the declaratory relief cause of action with leave to amend. The trial court authorized Glaude to amend his cross-complaint to allege two causes of action against Deutsche Bank: a claim for unjust enrichment "supported by allegations of the amount of mortgage payments he paid to Deutsche Bank, and why Deutsche Bank was unjustly enriched in receiving them," and a claim for declaratory relief, seeking a declaration "as to whether the Notice of Trustee's sale is void, if he can allege facts in support of such a

4

contention," and a declaration as to his rights and obligations under the 2005 deed of trust as successor in interest "if he alleges facts demonstrating his basis for claiming that he is the successor in interest."

C.      *Second Amended Cross-Complaint*

In his second amended cross-complaint, Glaude alleged that in February 2016 he reached an oral agreement with Deutsche Bank's agent to assume the loan on the property, which Deutsche Bank breached. He attempted to state causes of action for unjust enrichment and declaratory relief, but he failed to follow the instructions that the trial court had provided in sustaining the demurrer to the first amended cross-complaint. The trial court noted that the second amended cross-complaint contained contradictory statements as to whether Deutsche Bank had accepted any payments from Glaude or instead had rejected all his payments. And, although the trial court had specifically instructed Glaude that if he contends he is the successor-in-interest under the deed of trust he may not seek a declaration that he is not the borrower or obligor under that document, in the second amended cross-complaint Glaude again contended that he was the successor-in-interest under the deed of trust and simultaneously sought a declaration that he is not the borrower or obligor under the deed of trust.

The trial court sustained Deutsche Bank's demurrer with leave to amend. With respect to unjust enrichment, the court instructed Glaude "to allege, if possible, the amount of money that Deutsche Bank has accepted from Glaude, and why Deutsche Bank has been unjustly enriched by those payments." Glaude was also given leave to amend to seek declaratory relief as to "his role as alleged successor to [Senora] under the 2005 deed of trust secured by the [Property]" and was instructed that to do so "he must allege facts demonstrating his entitlement to such declaratory relief."

5

D.    *Third Amended Cross-Complaint*

Glaude filed a third amended cross-complaint for unjust enrichment and declaratory relief that was similar to his second amended cross-complaint.  Glaude also alleged that Deutsche Bank filed a proof of claim for the mortgage debt in his bankruptcy case, and that as a result, he paid Deutsche Bank or its agent approximately $34,000 during the bankruptcy.  The trial court sustained Deutsche Bank's demurrer without leave to amend, but granted Glaude permission to file a fourth amended cross-complaint asserting a single cause of action "for breach of a purported February 2016 verbal agreement to allow Glaude to assume the secured loan [on the Property] if he made the required mortgage payments."  The court noted that such an oral agreement would be barred by the statute of frauds, and instructed Glaude that if he attempted to allege the cause of action, "he must clearly allege facts, if possible, that take the purported oral contract within some legally cognizable exception to the statute of frauds."[4]

E.    *Fourth Amended Cross-Complaint*

In his fourth amended cross-complaint (FAC), Glaude alleged that in February 2016, he made an oral agreement over the telephone with Heidi Bloom, a customer relationship manager for the company that was acting as Deutsche Bank's agent in servicing the mortgage on the Property.  Under the agreement, Glaude would have the option to assume the loan if he made the mortgage payments.  Glaude performed his obligations:  specifically, he made the February and March 2016 loan payments.  Glaude attempted to make the

---

[4] As reflected in this summary of the case history, the trial court judge, Honorable Ronni MacLaren, consistently provided clear instructions as to the allegations required to state the causes of action for which Glaude was given leave to amend.

April 2016 payment, but it was returned to him. Glaude eventually learned that the February and March 2016 payments "were reversed on the loan account and that Tinsley was mailed a check for the sum of the two payments." He further alleged that the $34,000 he paid to Deutsche Bank in his bankruptcy represented damages from breach of the verbal agreement.

As he had alleged in his previous cross-complaints, he alleged that Deutsche Bank violated section 2920.7 by failing to recognize him as a successor in interest.

The trial court sustained Deutsche Bank's demurrer without leave to amend. In its order, the trial court noted that in addition to allegations regarding a purported oral agreement, the FAC alleged that Glaude is the successor in interest to the Senora Glaude Trust, and that therefore he is entitled to the protections of section 2920.7. The trial court concluded it was unclear whether Glaude was pursuing a claim based on his purported rights under section 2920.7, but that if he was, such a claim would fail because Glaude failed to allege facts that would qualify him as the successor in interest of the secured loan such that he would be entitled to protection under that statute. Among other things, the court noted that Glaude did not allege that he occupied the Property as his principal residence within the six months prior to Senora's death, or that he currently resided there, and that section 2920.7 did not apply to a purported successor in interest who, like Glaude, is engaged in a legal dispute over the secured property.

Judgment was entered dismissing the FAC against Deutsche Bank with prejudice; this appeal timely followed.[5]

---

[5] Glaude was represented by counsel in filing each of his amended cross-complaints and his notice of appeal. Shortly after notice of appeal was filed, Glaude substituted himself for his attorney, and he has represented himself for the remainder of this appeal. We treat a self-represented

7

**DISCUSSION**

A.  *Standard of Review*

"'Because a demurrer both tests the legal sufficiency of the complaint and involves the trial court's discretion, an appellate court employs two separate standards of review on appeal. [Citation.] . . . Appellate courts first review the complaint de novo to determine whether or not the [ ] complaint alleges facts sufficient to state a cause of action under any legal theory, [citation], or in other words, to determine whether or not the trial court erroneously sustained the demurrer as a matter of law. [Citation.]' (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879, fn. omitted.) 'Second, if a trial court sustains a demurrer without leave to amend, appellate courts determine whether or not the plaintiff could amend the complaint to state a cause of action. [Citation.]' (*Id.* at p. 879, fn. 9.)" (*Total Call International, Inc. v. Peerless Insurance Co.* (2010) 181 Cal.App.4th 161, 166 (*Total Call*).)

"Under the first standard of review 'we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. [Citation.] We treat the demurrer as admitting all material facts which were properly pleaded. [Citation.] However, we will not assume the truth of contentions, deductions, or conclusions of fact or law [citation], and we may disregard any allegations that are contrary to the law or to a fact of which judicial notice may be taken. [Citation.]'" (*Total Call, supra,* 181 Cal.App.4th at p. 166.) Although our review of a demurrer is de novo, "it is limited to issues which have been adequately raised and supported in

---

appellant as we treat any other party; accordingly, Glaude is "entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

8

[Appellant's] brief." (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [discussing de novo review of summary judgment].)

"Under the second standard of review, the burden falls upon the plaintiff to show what facts he or she could plead to cure the existing defects in the complaint. (*Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 890.) 'To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action.' (*Ibid.*)" (*Total Call, supra*, 181 Cal.App.4th at p. 166.)

B. *Analysis*

Glaude raises several issues in claiming that the trial court erred in sustaining the demurrer, but none of them has merit.

1. *The Alleged Oral Agreement is Not Enforceable*

Glaude argues that the trial court erred in dismissing his claim for breach of the oral agreement he reached with Deutsche Bank's agent that he could assume the mortgage on the Property if he made payments on the loan. Glaude recognizes that as a modification of a mortgage on real property, the purported agreement is subject to the statute of frauds, and that because it is an oral agreement it is unenforceable unless some exception applies. (§§ 1624, subd. (a)(3) [contract for the sale of real property or of an interest therein must be in writing], 2922 ["mortgage can be created, renewed or extended only in writing, executed with the formalities required in the case of a grant of real property"]; *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 553 ["agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds"].)

Glaude contends that the proof of claim filed by Deutsche Bank in his bankruptcy is a writing that evidences the purported agreement he reached

9

with Deutsche Bank in 2016, satisfying the statute of frauds, and that therefore the oral agreement is enforceable. He is mistaken. For a writing to evidence the agreement between two parties, it must identify the subject of the parties' agreement, show that they made a contract, and state the essential terms of the contract with reasonable certainty. (*Sterling v. Taylor* (2007) 40 Cal.4th 757, 766.) The proof of claim filed by Deutsche Bank, which Glaude attached to the FAC as an exhibit, does not meet those requirements. Nothing in the proof of claim, or in the documents that Deutsche Bank submitted in support of the claim, indicates that Glaude and Deutsche Bank or its agent reached any agreement in February 2016, or at any other time, that Glaude would have the option to assume the loan if he made the mortgage payments.[6]

In discussing the enforceability of his oral agreement with Deutsche Bank, Glaude writes, "The statute of frauds has many exceptions, and in this instance, Respondents' Proof of Claim seeking payments and enforcement of a loan modification is sufficient to be deemed an agreement in and of itself, as well as 'parol evidence' in a matter of equitable estoppel." This sentence is followed by several pages of discursive prose about the parol evidence rule and equitable estoppel.

The parol evidence rule has no application to this case. As a general matter, extrinsic evidence may not be used to alter or add to the terms of a

---

[6] In the proof of claim, Deutsche Bank represents that it is owed over $600,000, secured by the 2005 deed of trust that identified Tinsley and Senora as the borrowers. We surmise that Glaude identified the loan that was secured by the deed of trust as a debt in his bankruptcy petition. Among the exhibits attached to the FAC is a filing in the bankruptcy court in which Deutsche Bank stated that Glaude "purportedly obtained an interest in the [P]roperty from the borrower without the consent of" the lender's assignee, and suggested that the bankruptcy petition was filed in bad faith.

fully integrated agreement. (*Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1174.) However, the parol evidence rule does not bar evidence that challenges the validity of the written agreement itself, including evidence that the written agreement was procured by fraud. (*Ibid.*) The rule has no relevance to the case before us, because there is no written agreement at issue here: Glaude's purported oral agreement with Deutsche Bank in 2016 was never reduced to writing. Glaude asserts several times that Deutsche Bank may not assert the statute of frauds "to facilitate fraud." But Glaude has not attempted to allege fraud in any of his cross-complaints, and he does not argue on appeal that the FAC alleges facts that would suffice to state a cause of action for fraud.

Glaude also contends that although he did not raise the issue of equitable estoppel in the trial court, we can consider and apply "the concept of equitable estoppel" on appeal. But he does not explain how that doctrine applies here: he mentions the possibility of "establish[ing] an estoppel to rely on a statute of limitations," but says nothing else about limitations periods.

2.  *Claims Regarding the Form of the Demurrer Papers Are Forfeited*

Glaude claims that Deutsche Bank's notice of demurrer and memorandum in support were procedurally flawed and that the trial court erred in sustaining the demurrer. This argument has been forfeited. Glaude and his counsel had ample opportunity to raise any procedural defects in the trial court, where they could have been corrected. It has long been the rule that when no objection is made in the trial court to a procedural defect that could be corrected in that court, the complaining party has waived or forfeited any right to object on appeal. (*Nanny v. Ruby Lighting Corp.* (1952) 108 Cal.App.2d 856, 859.) In addition, the argument is forfeited because it is not

11

identified as such in any heading in the brief. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179; Cal. Rules of Court, rule 8.204(a)(1)(A).)

### 3. *The Homeowner Bill of Rights Does Not Apply*

Glaude claims that he is entitled to the protections of the Homeowner Bill of Rights because he is a successor in interest to the mortgage on the Property, and that the trial court erred in "finding that [he] was not a successor in interest" under section 2920.7. What the trial court actually concluded was that Glaude failed to allege facts that would qualify him as a successor in interest under that statute. That was not error.

Even if section 2920.7 had been in effect from 2011 to 2016, when Glaude alleges he identified himself to Deutsche Bank as successor in interest to the Senora Glaude Trust, as a matter of law Glaude could not avail himself of the protections of that section as a successor in interest unless he occupied the Property as his principal residence within the six months before Senora's death and resided in the property at the time he made the claim. (§ 2920.7, subd. (i)(4).) Glaude had ample opportunity to allege such facts in the trial court, but he did not do so. Nor does he claim on appeal that he can allege such facts. To the extent Glaude suggests that we can infer those facts from the express allegations in the FAC, we disagree.

Glaude's claim to the protections of the Homeowner Bill of Rights rests on his purported status as a successor in interest. But because Glaude has not alleged facts to show that he is a successor in interest under the Homeowner Bill of Rights, he cannot state a claim against Deutsche Bank under that statutory scheme.

### 4. *The Trial Court Did Not Err in Denying Leave to Amend*

Finally, Glaude contends that the trial court abused its discretion in sustaining the demurrer without leave to amend. Although Glaude cites

12

legal authority on the general grounds for authorizing amendment when a demurrer has been sustained, the only point he makes as to his case is that "there were viable allegations that the trial [court] should have recognized, and at the very least should have allowed leave to amend." Glaude fails to meet his burden to show an abuse of discretion by the trial court because he does not identify the relevant facts that he claims to have alleged or that he could allege, nor explain how those facts would establish a cause of action. (*Total Call, supra*, 181 Cal.App.4th at p. 166.)

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Richman, J.


A156442, *Tinsley v. Glaude*