SAYERS et al. v. BURKHARDT et al.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1898.)

No. 222.

1. EQUITY JURISDICTION — SETTING ASIDE FRAUDULENT DECREE — REMOVING CLOUD FROM TITLE.

Where the purpose of a bill is to set aside as fraudulent judicial proceedings, to declare deeds made in pursuance thereof null and void, and to free complainants' lands from the lien of certain taxes, and of the claim of forfeiture declared in such proceedings, it is not necessary to allege that complainants were in possession of the lands at the time of instituting the suit, to give a court of equity jurisdiction.

2. ENTRY OF LANDS FOR TAXATION — FORFEITURE OF LANDS SOLD FOR TAXES.

Where lands have been purchased by the state at tax sale, they cannot be forfeited for nonentry on the land books for taxation, under the statute of West Virginia, which provides that lands so sold shall not thereafter be entered for taxation unless redeemed.

3. SUIT TO SET ASIDE DECREE OBTAINED BY FRAUD — JURISDICTION.

A suit to set aside a decree because of conspiracy and fraud in procuring it need not be brought in the court which rendered the decree, but may be instituted in any court having jurisdiction of the subject-matter and the parties.

4. SUIT TO SET ASIDE JUDICIAL SALE — LANDS FORFEITED — LACHES.

Complainants' lands were sold as forfeited for nonentry for taxation in October, 1885, and bill to set aside the proceedings as fraudulent was filed in December, 1889. They had never abandoned their claim to the land, but continued to assert it. It was not shown that defendants had taken possession of, or exercised acts of ownership over, any part of the land. *Held,* that there was no laches.

Appeal from the Circuit Court of the United States for the District of West Virginia.

T. W. Chapman and Okey Johnson, for appellants.

P. W. Strother and Malcolm Johnson, for appellees.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

GOFF, Circuit Judge. This is an appeal from a decree rendered on the 1st of September, 1896, by the circuit court of the United States for the district of West Virginia, by which it was held that the complainants below had title to the 17,850 acres of land mentioned in their bill; that the proceedings referred to therein, instituted in the circuit court of McDowell county, W. Va., by the defendant H. C. Auvil, as commissioner of school lands for that county, against a tract of 320,000 acres of land granted by the commonwealth of Virginia to Robert Morris by patent dated March 4, 1795 (and against the lands of the complainants), were null and void; and also that the deeds made under certain decrees entered in said proceedings were clouds upon the title to complainants' land, which should be and were removed, because such conveyances were void and inop-

erative. Complainants' bill charges specifically that the proceedings instituted by said school commissioner were fraudulently conceived and prosecuted, and its object was to declare them void because of such fraud, and thereby restore complainants to the enjoyment of their property, free from the embarrassment occasioned by the decrees and deeds alleged to be the result of said unlawful proceedings. The record is most voluminous, and contains much that is foreign to the matters really presented by the pleadings, which has, we fear, tempted counsel to discuss many interesting propositions of law relating to land titles which are not essential to the disposition of this case. As we find the matter, the questions to be decided are few, and far from being intricate.

The first question presented by the assignment of errors is as to the jurisdiction of the court. Appellants insist that the court below, as a court of equity, had no jurisdiction of this case, for the reason that it was not alleged in the bill that the complainants were in possession of the land referred to therein at the time of the institution of this suit, the appellants claiming that such allegation was necessary, as the object of the suit was to remove clouds from the title to said land, caused by the existence of the proceedings and deeds mentioned. In the first place, this is a misconception of the scope of complainants' bill, for its evident purpose was not only to remove said clouds from their title, but also to set aside as fraudulent certain proceedings had in the circuit court of McDowell county, W. Va., to declare the deeds made in pursuance thereof null and void, and to decree that complainants' lands should be held by them free from the lien of certain taxes and of the claim of forfeiture set up in said proceedings. It is alleged in the bill that George J. Burkhardt died seised and possessed of the land proceeded against, and that the complainants are his legal heirs. In suits of this character such allegations are sufficient to give a court of equity jurisdiction, for under such circumstances, where fraud is charged, or the cloud is caused by a tax deed, the remedy at law is not plain, adequate, and complete. This ground of equity jurisdiction and this rule of procedure is now so well established that it will not be questioned by this court, particularly concerning suits having reference to deeds made under the provisions of the West Virginia statutes referring to forfeited and delinquent lands in that state. Gage v. Kaufman, 133 U. S. 471, 10 Sup. Ct. 406; Coal Co. v. Doran, 142 U. S. 417, 449, 12 Sup. Ct. 239; Rich v. Braxton, 158 U. S. 375, 406, 15 Sup. Ct. 1006; Harding v. Guice, 42 U. S. App. 411, 25 C. C. A. 352, and 80 Fed. 162; Christian v. Vance, 41 W. Va. 754, 24 S. E. 596.

The next assignment of error relates to the finding of the court below that the complainants had title to the 17,850 acres claimed by them in their bill, appellants insisting this was error, for the reason that the record shows complainants' title to the same had been forfeited to the state of West Virginia for nonentry upon the land books for taxation for the years from 1877 to 1881, inclusive. But it is apparent from the record that the land could not have been forfeited for nonentry for those years for the reason that the same was purchased by the state at a tax sale in the year 1877, and could not,

therefore, have lawfully been upon the land books for said years, as the statute relating to that subject requires that lands so sold shall not thereafter be entered for taxation unless redeemed.    Under such circumstances the question was not one of forfeiture, but of redemption, which the court below properly found in favor of complainants. Land will not be declared forfeited for nonentry in,cases where the statute law provided that it should be omitted from the land books. It also appears from the proceedings that the 17,850 acres claimed by complainants were originally part of the 320,000 acres patented, as before mentioned, to Robert Morris, and it is certainly clear that proceedings by the school commissioner against said larger tract for its sale as forfeited under the West Virginia statutes should not be permitted to affect the title to the smaller tract, particularly when the latter had been placed upon the tax books as a separate tract, and purchased by the state as delinquent.    Cook v. Lasher, 42 U. S. App. 42, 19 C. C. A. 654, and 73 Fed. 701.

While we are clearly of the opinion that the proceedings in the circuit court of McDowell county concerning the land in controversy were not authorized by law, still the jurisdiction of the circuit court of the United States, for the district of West Virginia did not depend upon that fact alone.    An independent suit, the object of which is to set aside a decree because of conspiracy and fraud resorted to and practiced in procuring the same, is not necessarily required to be brought in the court where said decree was rendered, but may be instituted in any court of competent jurisdiction.    In this case the citizenship of the parties, the amount in controversy, and the real estate affected were such as to give the court below jurisdiction.    In this connection it is also proper to remark that said proceedings in the circuit court of McDowell county were instituted prior to the passage of the West Virginia act of March 18, 1882, which provided for summoning persons having an interest in the land claimed to be forfeited.    Consequently such proceedings were administrative, and not judicial; the right of appeal did not exist in favor of any of the claimants of said land, and they are not barred because of said suit from asserting their title in any proper proceedings before a court of competent jurisdiction.    McClure v. Maitland, 24 W. Va. 561; Auvil v. Iaeger, Id. 583; McClure v. Mauperture, 29 W. Va. 633, 2 S. E. 761; Cunningham v. Brown, 39 W. Va. 588, 20 S. E. 615; Cook v. Lasher, 19 C. C. A. 654, 73 Fed. 701.

The only remaining question to consider is that of laches.    The land claimed by the complainants was sold as forfeited at the October term, 1885, of the circuit court of McDowell county, and the bill was filed in the court below in December, 1889.    The claim is now made that the delay in instituting this suit constituted laches on the part of complainants.    There is no regular rule by which this question can be determined, and each particular case must be decided on the facts found therein.    In this case there is no evidence that the complainants ever abandoned their claim to the land; on the contrary, they continued to assert it.    Nor is it shown that the defendants ever took possession of the same, or of any part thereof, or that they ever exercised any acts of ownership concerning it.    There has been,

therefore, no acquiescence on the part of the complainants in the assertion of rights adverse to them by the defendants, and we do not think that the delay has been such as to render stale, in a court of equity, their claim for relief from the cloud caused by fraudulent deeds. We find no error in the decree appealed from, and it is affirmed.