[S. F. No. 2397.  Department Two.—June 23, 1902.]

RACHEL KIMBALL, Respondent, v. W. G. TRIPP, Appellant.

ESTATES OF DECEASED PERSONS—TRANSFER BY DECEDENT TO AGENT IN VIEW OF DEATH—GIFTS CAUSA MORTIS NOT DELIVERED—ORAL INSTRUCTIONS—CASE APPLIED.—A conveyance of real property and releases of interest therein, and assignments of mortgages, executed under oral instructions, in view of death, of a decedent to her agent, together with other personal property transferred to him upon like instructions, without delivery of any gifts *causa mortis*, which personal property, including money, was recovered by the administrator of the decedent, in the case of *Knight* v. *Tripp*, 121 Cal. 674, are within the principle of that decision.

ID.—ACTION IN EQUITY BY HEIR—SETTING ASIDE TRANSFERS—TRUST BY OPERATION OF LAW.—The agency having terminated with the death of the decedent, the agent was not justified in retaining any of the property transferred to him by the decedent; and one of the heirs, claiming to sue in behalf of all the heirs, may enforce against him

a constructive trust arising by operation of law, and compel the setting aside of the transfers of the real property, and of the mortgages belonging to the decedent.

ID.—STATUTE OF FRAUDS NOT APPLICABLE.—The provisions of law requiring an express trust in land to be created by writing has no application to trusts created by operation of law.

ID.—ABSENCE OF FRAUD IN PROCURING CONVEYANCES—FRAUD IN USE OF PROPERTY—FAILURE OF CONSIDERATION.—The action in equity cannot be defended merely on the ground that there was no fraud of the defendant in the procurement of the conveyances. The relation of the parties being fiduciary, it would be a fraud which equity will not permit for the defendant to use the property in violation of the confidence reposed in him by the decedent, especially where, as in this case, there was an entire failure of consideration for the transfers.

ID.—PARTIES—SUIT BY TENANT IN COMMON.—The plaintiff, as one of several tenants in common, was entitled to maintain the action under sections 384 and 1452 of the Code of Civil Procedure, regardless of her right to sue in behalf of other heirs under section 382 of the same code.

ID.—VENUE OF ACTION.—Assuming, without deciding, that the action is a real action, within the provisions of the code and constitution, it may be brought in any county in which any part of the land affected by the action is situated.

ID.—FORMER ADJUDICATION—ACTION AT LAW BY ADMINISTRATOR—EQUITABLE SUIT BY HEIR.—The judgment in the former action at law by the administrator to recover the possession of certain personal property and money from the same defendant, as belonging to the estate of the decedent, is not a bar or estoppel to the maintenance of a suit in equity by one of the heirs to enforce a constructive trust and to set aside the transfers of the real property and choses in action from the decedent to the defendant.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. Greene, Judge.

The facts are stated in the opinion.

Cary Howard, and Welles Whitmore, for Appellant.

Reddy, Campbell & Metson, Campbell & Metson, Frederick E. Whitney, and Reed & Nusbaumer, for Respondent.

SMITH, C.—The plaintiff is one of the heirs of Elizabeth L. Cook, deceased, and brings this suit, on behalf of herself and co-heirs, to set aside certain conveyances of lands and

releases of interests therein, and certain assignments of mortgages made to the defendant by the deceased. The plaintiff had judgment, from which and from an order denying his motion for new trial the defendant appeals.

The case involves the same general transaction as was involved in the case of *Knight* v. *Tripp,* 121 Cal. 674, to which reference may be made for a fuller statement of the circumstances of the case than we deem it necessary to give here. The material facts of the case are presented by the following allegations of the complaint, which are found by the court to be true:—

The deceased in her lifetime was the owner of the real property and choses in action described in the complaint, and also of the other personal property, consisting of deposits in bank and other items of the value of $10,802.13, which was recovered by the administrator in the former suit. The conveyances and assignments in question were made on the thirty-first day of May, 1895; and it is alleged and found with regard to them that on the day named the deceased "was in great fear and peril of death, and . . . believed she was so, and so believing, and so in fear of death, then and there did appoint and constitute W. G. Tripp, the defendant, her agent, and did then and there purport to convey, and attempt to convey and transfer to him, as such agent, all of her said property, real and personal, and did then and there contemporaneously with such purported and attempted conveyance and transfer orally instruct said Tripp [the defendant], in the event of her death occurring, to make the following disposition of her said property, to wit: [Here follow instructions, being substantially as set out in the report of the former case, 121 Cal. 677], and that all property remaining after said instructions were carried out said Tripp was further instructed to retain for himself. That then and there said [deceased] did transfer and deliver to said . . . Tripp certain of said property, and attempted to transfer, convey, and deliver the whole thereof to him as gifts *causa mortis* for the persons so designated by her instructions. That none of said gifts sought to be made as aforesaid were ever in her lifetime, or at all, delivered to the said persons, except as hereinbefore stated. That the said Elizabeth L. Cook died on the fourteenth day of June, 1895.

These findings—which are not attacked by the specifications—bring the case, we think, within the authority of the decision in *Knight* v. *Tripp*, 121 Cal. 674. This is clearly the case with reference to the assignments of the notes and mortgages, which come directly within the decision. Nor do we think the principle of the decision is less applicable to the conveyances of land. The lands were conveyed on the same trusts as the personal property; and the only distinction between the two classes of transfers is, that, under the provisions of the law, conveyances of land are subject to the rule that an express trust can be created only by writing. But these provisions have no application to trusts created "by operation of law" (Civ. Code, sec. 852), of which, we think, the case here is one.

The position of the appellant on this point is, that as there was no fraud in the procurement of the conveyances, the plaintiff can have no relief. But, assuming the absence of fraud (though, in view of the defendant's relation to the grantor as her agent, this can hardly be assumed), it does not follow that equity cannot afford relief. The deeds, it is found, were made to the defendant simply as her agent, and were therefore taken by him in trust for her; and though the trust was not expressed in writing, equity will not permit the defendant to convert the property to his own use, contrary to the intention of the parties and to the confidence reposed in him. "The doctrine is both novel and startling which restricts, in matters of fraud, its jurisdiction over the operation of written instruments to those cases where the fraud has been committed in their creation. If maintained, it will sweep away its heretofore admitted jurisdiction in an infinite variety of cases, of almost daily occurrence, where the fraud alleged consists in the use of instruments entered into upon a mutual confidence between the parties. Fraud in their use is as much a ground for the interposition of equity as fraud in their creation. There is no distinction in the principle upon which the jurisdiction is asserted in the two cases. In both there is the same abuse of confidence, and from both the same injury results." (*Pierce* v. *Robinson*, 13 Cal. 127.) In the case cited the instrument involved was a deed absolute in its terms, shown by parol evidence to have been intended as a mortgage. But the principle applies equally to other

cases; as, for example, to the cases involved in *Hultz* v. *Wright,* 16 Serg. & R. 345,[1] and *Oliver* v. *Oliver,* 4 Rawle, 144,[2] (cited in the principal case,) and in *Thompson* v. *White,* 1 Dall. 424.[3] In the last—which is a very instructive case— the subject is fully discussed. Another example is that of the purchase of an outstanding title by a tenant in common, considered in *Mandeville* v. *Solomon,* 33 Cal. 43, where it is said: "Where the circumstances of a transaction are such that the person who takes the title to property cannot be permitted to enjoy it, in whole or in part, without necessarily violating some principle of equity, a constructive trust will be raised for the party entitled in equity to its beneficial enjoyment,"—which is the same principle that, at law, governs the action for money had and received. This principle has not always been consistently applied by the courts; but in this state it has been held applicable to cases where there were fiduciary relations between the parties, as in this case (*Alaniz* v. *Casenave,* 91 Cal. 46; *Brison* v. *Brison,* 75 Cal. 525;[4] *Feeney* v. *Howard,* 79 Cal. 525[5]); and the defendant comes directly within this restricted application of the doctrine. There is also another principle upon which the rule may be sustained, which is, that in such cases generally, and in this case especially, there is an entire failure of consideration. (Civ. Code, sec. 1689, subds. 2 et seq.; *Knight* v. *Tripp,* 121 Cal. 681.)

Other points urged by the appellant are, defect of parties plaintiff, want of jurisdiction of the court to render judgment as to the Los Angeles County property, and estoppel by the judgment in the former suit. But none of these objections are tenable.

The plaintiff, as one of several tenants in common, was entitled to maintain the action. (Code Civ. Proc., secs. 384, 1452.) It is therefore unnecessary to consider the application of section 382 of the Code of Civil Procedure.

As to the question of jurisdiction, assuming, without deciding, that the provisions of the code and of the constitution cited apply to cases of this kind, yet under them the action may be brought in any county in which part of the land affect-

---

[1] 16 Am. Dec. 575.

[2] 26 Am. Dec. 123.

[3] 1 Am. Dec. 252.

[4] 7 Am. St. Rep. 189.

[5] 12 Am. St. Rep. 162.

ed by the action is situated. (Const., art. VI, sec. 5; Code Civ. Proc., secs. 78, 392.)

On the question of estoppel, the specific ground of the objection is, that a suit having been brought by the administrator for the recovery of the personal property in this state, and a recovery had, a suit for the remainder of the property cannot now be maintained, either by the heirs or the administrator. But the causes of action in the two cases are different. The former suit was to recover possession of certain personal property, and the legal title only was involved. The present suit is in equity to enforce a constructive trust.

We advise that the judgment and order appealed from be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Garoutte, J.