[Civ. No. 8554. Third Dist. Apr. 19, 1955.]

MARIO P. DEAS, Respondent, v. LIDO LUMBER COMPANY (a Corporation), Appellant.

Lawrence L. Light for Appellant.

Robert L. Winslow for Respondent.

SCHOTTKY, J.—Plaintiff filed an action in Mendocino County to have a certain default judgment against him declared null and void and to recover the proceeds of the sale of a pickup truck which was sold under said judgment. Defendant corporation demurred and filed a notice of motion for change of venue to Los Angeles County where its principal place of business was. This appeal is from the order denying said motion.

The complaint alleges that on June 6, 1952, the appellant filed a claim and delivery action, No. 17857, against respondent in Mendocino County to obtain delivery of three

electric motors; that on June 16, 1952, the summons and complaint in said action were served on respondent and the sheriff took the described motors into his possession; that respondent is of the Cuban race and not well versed in the English language; that due to prior dealings with appellant, respondent understood appellant was claiming certain specific motors and that when the sheriff picked up the motors respondent thought the matter was disposed of and did not understand that appellant was also seeking damages in said action; and that such a situation was likely to deceive respondent.

The complaint alleges further that unknown to respondent his default for failure to appear in said action No. 17857 was entered on July 12, 1952; that on March 16, 1953, judgment by default was entered against respondent for $1,313.54; and that respondent had no knowledge of this until about April 28, 1953, when levy was made upon a truck owned by him; that appellant "willfully and with the intention to lull this plaintiff into a false sense of security deferred from taking further proceedings in this action after July 12, 1952," so that after six months respondent would lose his rights under Code of Civil Procedure, section 473, to have the default vacated; that had any knowledge of the default come to respondent during this period he would have diligently moved to vacate the default under Code of Civil Procedure, section 473; that respondent has a defense to the action brought by appellant, in that the damages granted to appellant are based upon depreciation of the equipment, and respondent alleges that no depreciation occurred in such amount or in any amount at all; that the levy on the pickup truck did not satisfy the judgment; and that unless restrained the appellant will have another execution issued and will levy on additional property of respondent, to his irreparable harm and damage.

The prayer of the complaint asks that the judgment in No. 17857 be vacated, that appellant be directed to pay the proceeds of the sale of the pickup truck to respondent and that appellant be forever enjoined from executing such judgment.

Appellant's affidavit in support of the motion for change of venue set forth that the principal place of business of defendant corporation was in Los Angeles County. No counter-affidavit was filed. In denying the motion the trial court stated: "If any attack is to be made upon this judgment it must be made in this Court and not in some other Court.

As was said in the case of *Brown* v. *Happy Valley Fruit Growers*: 'Under a system where courts are given coordinate jurisdiction, one court will not interfere with the judgment of another court of coordinate jurisdiction except where the exigencies of the situation are so exceptional or pressing as to demand the summary intervention of the equity side of said court of coordinate jurisdiction.' 206 Cal. [515] 523 [274 P. 977]."

Appellant contends that it was entitled to have the action transferred to the county of its residence and that the trial court erred in holding that an equitable action to set aside the judgment rendered in Mendocino County could only be determined in the county that rendered the judgment. Respondent has waived the filing of any brief.

The instant action being based on alleged fraud and mistake and praying for equitable relief is without doubt a personal and transitory action, and appellant would, of course, be entitled to have it transferred to the county of his residence unless the fact that the judgment sought to be declared void was rendered in Mendocino County required it to be tried in Mendocino County.

The well settled rule is as stated in *Goossen* v. *Clifton*, 75 Cal.App.2d 44, at page 47 [170 P.2d 104]:

"The general rule is that a defendant is entitled to have actions tried in the county of his residence. The right of the plaintiff to have the action tried elsewhere is the exceptional right, and must find its justification in the terms of some statute. It is the duty of a plaintiff to bring himself within some exception if he can—otherwise, the defendant's right is to have the case tried in the county of his residence."

In *Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 P. 977], the case upon which the trial court evidently based its decision on the motion, the plaintiff filed an action in Shasta County attacking on the ground of fraud a judgment which had been obtained in Alameda County. Appellants who were residents of Alameda County made a motion for change of venue to Alameda County. They appealed from the order denying their motion, and the Supreme Court, in reversing the judgment, held that the action was personal and transitory and stated at page 521:

"The right of a defendant to have an action brought against him tried in the county in which he has his residence is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial

decisions. 'The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.' (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 P. 209].)''
The court also made the statement quoted by the trial judge in ruling upon the motion in the instant case, and then stated, at page 523:

''We are of the view that the proper place of trial of said cause was in the county of Alameda upon both of the grounds considered herein. Certainly upon the ground that the action was personal and transitory and none of the defendants resided in the county of Shasta.''

It must be borne in mind that in the Brown case the county in which the judgment attacked was rendered was also the county of defendants' residence and that the general statement that one court will not interfere with the judgments of another court of coordinate jurisdiction can hardly be regarded as authority in support of the denial of appellant's motion in the instant case.

The statement of the trial court that the instant action could not be transferred to Los Angeles County where the defendant resides because it was an action in equity for fraud which constituted an attack upon a judgment rendered in Mendocino County, is answered by the language of the court in *Young* v. *Young Holdings Corp.*, 27 Cal.App.2d 129, at pages 146-147 [80 P.2d 723], as follows:

''The principal purpose of this action is to establish that defendants gained title to the property in question through fraud and deceit; that they hold the property in trust for the plaintiff and the intervener; to compel defendants to execute the trust by reconveyance of the property to its rightful owners.

''The argument that this action should have been commenced in Kern County is answered by the provisions of section 392 of the Code of Civil Procedure, *Herd* v. *Tuohy*, 133 Cal. 55 [65 P. 139], and *Kimball* v. *Tripp*, 136 Cal. 631 [69 P. 428]. In the Herd case it was said:

'' 'As to the jurisdiction of the court, there can be no serious question. The superior court is vested by the Constitution (art. VI, § 5) with jurisdiction over ''all cases in equity''; and cases of this kind—that is, for relief against judgments on the ground of fraud in their procurement—constitute a familiar and well-established head of equity jurisdiction. (Free-

man on Judgments, § 484a; Daniell's Chancery Practice, 1584, 1585.) Nor—with an exception to be noted presently—is this jurisdiction vested in any particular superior court or courts. Every superior court—with the exception alluded to—has jurisdiction of all equity cases 'that may be brought in it.'

"The exception noted is contained in section 392 of the Code of Civil Procedure. This section requires actions to quiet title to real property to be commenced in the county in which the property or any part of it is situated."

The general rule is well expressed in the case of *Bullard* v. *Zimmerman*, 82 Mont. 434 [268 P. 512], at pages 516-517 [268 P.] :

"California has, in this respect, constitutional and statutory provisions identical with ours, and, in just such a suit as this, one to annul, for fraud, a judgment, the Supreme Court of California has passed squarely upon this question and has upheld jurisdiction, holding the suit may be brought in any county of the state, subject to transfer, regardless of where, in the state, the judgment attacked was rendered. *Herd* v. *Tuohy*, 133 Cal. 55 [65 P. 139]. It is the general holding.

"The fact that a fraudulent judgment was obtained in one court does not deprive other courts of general and equal jurisdiction from exercising their equity powers to annul it. [Citing numerous authorities.]

"Citations might be greatly extended.

" 'There is no reason, under proper circumstances, why one court may not afford equitable relief against the judgments of other courts and they are constantly doing so.' 3 Freeman on Judgments (5th Ed.) 2450 and long list of cases cited.

" 'An independent suit, the object of which is to set aside a decree because of conspiracy and fraud resorted to and practiced in procuring the same, is not necessarily required to be brought in the court where said decree was rendered, but may be instituted in any court of competent jurisdiction.' *Sayers* v. *Burkhardt, supra* [ (C.C.A.) 85 F. 246].

" 'It is competent for every court, whether superior or inferior, to treat as a nullity any judgment which can be shown to have been obtained by manifest fraud.' *State ex rel. Phelan* v. *Engelmann, supra* [86 Mo. 551].

"The cases cited by defendant O'Sullivan are cases in which one court sought to interfere with the process of another court of equal jurisdiction, in a live case, still at issue, with the litigation in progress, which may not be done. It is en-

tirely different when a case is at an end, merged in a judgment, and suit is brought to annul the judgment on the ground of fraud. We hold that the court in which this suit was instituted had jurisdiction, and therefore so had the court to which it was transferred.''

We are convinced that both reason and authority justify the conclusion that the instant action is a transitory action and that appellant was entitled to have it transferred to Los Angeles County where its principal place of business is located, and that there is no requirement that it must be tried in the county where the judgment attacked on grounds of fraud and mistake was rendered. It follows that the trial court erred in denying appellant's motion to change the place of trial to Los Angeles County.

The order is reversed with direction to grant appellant's motion.

Van Dyke, P. J., and Peek, J., concurred.