[Civ. No. 9130.   Third Dist.   Oct. 22, 1957.]

E. A. HOSMER AND COMPANY (a Corporation), Appellant, v. SHAND AND JURS COMPANY (a Corporation), Respondent.

Hadsell, Murman & Bishop and Sydney P. Murman for Appellant.

Thelen, Marrin, Johnson & Bridges and Douglas B. Highmanick for Respondent.

SCHOTTKY, J.—This is an appeal by plaintiff from an order granting a motion for change of venue from Sonoma County to Alameda County.

Plaintiff filed a verified amended complaint alleging in substance that appellant and respondent are California corporations, having their principal places of business in Sonoma and Alameda Counties, respectively; that on August 19, 1952, Shand and Jurs agreed "to purchase all Hosmer Type 'A' Varioplex Telegraph Systems from E. A. Hosmer & Company provided price and delivery are competitive"; that thereafter for approximately two years Shand and Jurs purchased and paid for some 62 Varioplex systems manufactured by Hosmer for delivery to Shand and Jurs; that on January 21, 1954, Shand and Jurs notified Hosmer to complete orders on hand; that on December 15, 1954, Hosmer manufactured the last Varioplex system which was accepted by Shand and Jurs; that although Hosmer and Company was ready, willing and able to manufacture and deliver said Varioplex systems, Shand and Jurs Company refused to accept them but continued to sell complex selective systems manufactured by companies other than Hosmer and Company.

A motion for change of venue by defendant Young was denied because appellant filed a dismissal of him as a party. A motion was then noticed jointly by respondent and defendant partnership for change of venue and appellant filed a dismissal of the partnership, leaving respondent as the only party to the action.

The affidavits show that when defendant had need for telegraph systems, it prepared and mailed purchase orders from its place of business in Berkeley, Alameda County, to plaintiff's place of business in Kenwood, Sonoma County. When orders were received by plaintiff in Kenwood, it manufactured the telegraph systems so ordered at that place. After the systems were manufactured plaintiff delivered them to defendant at Berkeley, where defendant inspected and accepted the systems. Bills for systems so delivered were mailed to defendant in Berkeley by appellant. Bills were paid by defendant by check drawn on defendant's bank in Berkeley, such checks being mailed to appellant from Berkeley.

Appellant contends that performance of the contract was due and was breached at Kenwood, Sonoma County, because: (1) Appellant manufactured no telegraph systems until orders for the systems were mailed to it from Berkeley and received by it in Kenwood; (2) all systems so ordered were manufac-

tured in its place of business in Kenwood; (3) after the systems were manufactured and delivered, payments mailed to appellant from Berkeley were received by it at Kenwood; (4) appellant was notified in January, 1954, by a letter received by it at Kenwood that it was to complete all orders on hand; (5) respondent failed to place further orders with appellant at Kenwood.

Respondent in reply contends that the proper venue is the place where performance was due from respondent of the specific contractual obligation which is alleged to have been breached and that the authorities hold that for venue purposes in contract actions the place of performance and the place of breach are one and the same. Respondent argues that it is unimportant that some of the contractual obligations were performed or consummated in Kenwood, Sonoma County.

Article XII, section 16, of the Constitution of California provides:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

The principal issue to be decided upon this appeal is whether the obligation was breached in Berkeley, Alameda County, as respondent contends, or in Kenwood, Sonoma County, as argued by appellant.

In the case of *Hale* v. *Bohannon,* 38 Cal.2d 458 [241 P.2d 4], the court said, at page 466:

"The contract does not provide where the lumber company was to make its payments. This being the obligation the breach of which is pleaded as the cause of action, under the constitutional provision, the place where it was to be performed is the decisive factor insofar as venue is concerned."

In *Union Oil Co.* v. *Basalt Rock Co., Inc.,* 30 Cal.App.2d 317 [86 P.2d 139], in affirming the trial court's order of transfer, the court stated, at page 320:

"We have before us a case wherein it appears that under the terms of the agreement certain obligations necessary toward the consummation of the contract arose and were to be performed in one county, and other acts ultimately arising were to be performed in another county. Under such circumstances it is fair to determine that the obligation that arose

to cause the filing of the action is the obligation referred to in section 16 of article XII of the Constitution in determining the place wherein the corporation may be sued.''

In 12 California Jurisprudence 2d, at page 387, it is said:

''. . . The place where it [the contract] actually becomes complete is the place where it is made. And its consummation is at the place where the last act necessary to complete its validity is performed.''

As pointed out by respondent and as alleged in the complaint and affidavits, the deliveries and acceptance of telegraph systems took place at respondent's place of business in Berkeley, Alameda County. Furthermore, as pointed out by respondent, the breach alleged by appellant is a breach through respondent's refusal to accept delivery of the telegraph systems.

We believe that in view of the fact that respondent agreed to ''purchase'' telegraph systems as needed from appellant ''provided price and delivery are competitive,'' respondent's obligation could exist only at the place where delivery and acceptance of such systems took place, namely, Alameda County, and its breach of that obligation would arise only if it refused to accept delivery of the systems there at a time when it had a need for them. Only a refusal at that place and under those conditions would constitute a default in respondent's obligation to purchase and would create a cause of action in favor of appellant for breach of that obligation.

We are satisfied that the trial court's determination that the breach of the contract occurred in Alameda County and that Alameda County was the proper county for the trial of the action is amply supported by the evidence and the authorities.

The order is affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.