[Civ. No. 892. Fifth Dist. Jan. 18, 1968.]

SEQUOIA PINE MILLS, INC., et al., Petitioners, v. THE SUPERIOR COURT OF TUOLUMNE COUNTY, Respondent; TED AVRAM, Real Party in Interest.

Wyman G. Reynolds for Petitioners.

No appearance for Respondent.

Hardin &. Gorgas and Victor T. Lamb for Real Party in Interest.

CONLEY, P. J.—Ted Avram filed an action in the Superior Court of Tuolumne County (No. 11065) against Sequoia Pine Mills, Inc., Fritz Hutcheson, Norman J. Winsor and Walter M. Stuermer for the dissolution of a partnership consisting of Messrs. Hutcheson, Winsor, Stuermer and himself; his allegation was that the individuals were actually doing business as a copartnership in the manufacture of lumber with a principal working *locus* in Tuolumne County where the mill was located, and that they used the corporate name as an *alter ego*. It was further alleged that the business interests of the individuals were: Fritz Hutcheson—40 percent, Norman J. Winsor—40 percent, Walter M. Stuermer—10 percent, and Ted Avram—10 percent. The plaintiff asked that the partnership be dissolved, that he be granted an accounting of all the business affairs of the copartnership, and that the assets be sold and the net surplus divided among the parties. In a second cause of action, plaintiff asked that the other partners be required to pay him a fair amount for his interest in Sequoia Pine Mills, Inc.

In due course, the petitioners filed a demurrer and at the same time a notice of motion for a change of venue from Tuolumne County to Los Angeles County. ▮ The supporting affidavits alleged that the principal place of business of Sequoia Pine Mills, Inc. was in Los Angeles County and that Fritz Hutcheson and Norman J. Winsor resided in counties other than Tuolumne at the time of the filing of the case; that the contract among the parties forming the alleged partnership was executed in Los Angeles County; and that as there was no special provision contained in the writing as to the place of performance the statutory presumption (Code Civ. Proc., § 395) was that the contract would be carried out in the place where it was made, that is to say, Los Angeles County. It appears that a showing was made by the moving parties that every provision of the code sections requiring a change of venue was complied with except in one instance

—there was no showing of any kind by affidavit or otherwise that the defendant Walter M. Stuermer resided in any county other than Tuolumne. The record was entirely silent with respect to that issue.

The trial court denied a change of venue stating in a memorandum opinion filed at the same time that in view of the fact that the lumbermill was located on land in Tuolumne County, section 392 of the Code of Civil Procedure authorized the retention of the action in that county. However, in essence, there can be no question but that the suit is one for the dissolution of a partnership which was based on contract; the real parties in interest admit that section 392 of the Code of Civil Procedure does not apply; the ownership of the mill is merely incidental to the business relations of the alleged partners and the case is transitory. (*Ponderosa Sky Ranch* v. *Okay Improvement Corp.*, 204 Cal.App.2d 227 [22 Cal.Rptr. 90]; *Turlock Theatre Co.* v. *Laws*, 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786].)

Section 395 of the Code of Civil Procedure provides in part as follows: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

Thus, the Code of Civil Procedure makes it clear that the county in which a defendant resides is a proper county for the trial of such a case. As above noted, there was a showing that all of the defendants except one resided outside of Tuolumne County. However, that left one defendant who presumably resided in the county where the suit was brought. As is said in *Aisbett* v. *Paradise Mt. Min. etc. Co.*, 21 Cal.App. 267, at page 268 [131 P. 330]: "Where the complaint and record, *as here*, are silent upon the subject, the presumption is that the defendants are residents of the county wherein the action is commenced, and the burden of proof is cast upon them to show that they were at the commencement of the action residents of another county or counties of the state than that wherein the suit is brought, and to which they ask

that the place of trial be removed. [Citing cases.] While all the necessary parties defendant joined in the demand for the change, they offered no evidence whatever touching the residence of any defendant other than the corporation, whose principal place of business it is contended was shown by affidavit to have been removed from Los Angeles County to San Bernardino County by an order of the board of directors made, prior to the commencement of the action, pursuant to the provisions of section 321a of the Civil Code. Conceding this to be true, it appears that defendants other than the corporation were residents of the county wherein the suit was brought, and it being the right of plaintiff to have the case tried in the county wherein *some of the defendants* reside at the *commencement* thereof, it must follow that the court did not err in making the order denying the motion.''

In *La Mirada Community Hospital* v. *Superior Court*, 249 Cal.App.2d 39 [57 Cal.Rptr. 42], the court was faced with a situation where there was no showing in the moving papers as to the residence of some of the defendants. The court cited the rule in *Aisbett* v. *Paradise Mt. Min. etc. Co., supra,* 21 Cal. App. 267, and stated at page 42 that: ''It is a long established rule that a motion for change of venue must satisy two requirements: (1) It must be shown the action is proper in the county to which the movant seeks transfer; and (2) it must be shown the county in which the action was filed was improper under any applicable theory (*Hearne* v. *DeYoung,* 111 Cal. 373 [43 P. 1108]). The second requirement was not satisfied here.''

A point is made by the petitioners of the fact that the superior court in its memorandum of decision states that a reason for denying the petition to change the venue to Los Angeles County was the fact that the court thought that section 392 of the Code of Civil Procedure was applicable and would require a denial of the motion. In a final brief, the real party in interest concedes that this reason is spurious, for, obviously, the gist of the action as shown by the allegations of the complaint is not for a division of land, but for the money value of Avram's claimed share in the alleged partnership. However, there is nothing in the record before us that shows conclusively that the real party in interest did not have more than one ground of objection to the petition, or that the trial court itself did not make its order on more than the one ground mentioned in its memorandum.

 The general rule applies that where a lower court rules correctly but gives a wrong reason for the ruling the

action of the court will be upheld. It was held in *Davey* v. *Southern Pac. Co.*, 116 Cal. 325, 329 [48 P. 117] that: "the fact that the action of the court may have been based upon an erroneous theory of the case, or upon an improper or unsound course of reasoning, cannot determine the question of its propriety. No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion." (See also 3 Witkin, Cal. Procedure (1954) Appeal, § 76, p. 2234.)

■ When parties to an action make a motion for a change of venue, it is incumbent upon them to make a complete showing requiring the change. Obviously, this was not done in this case inasmuch as one of the defendants was presumably, even if not actually, a resident of Tuolumne County where the suit was commenced. ■ The right to a change of venue must be determined from the showing made at the time when such a motion was first implemented before the court having jurisdiction to order the change of venue, together with amendments allowed and made before the ruling by the trial court.

In the instant case, the moving parties sought to rectify their error in failing to show that Tuolumne County was an improper place for trial "under any applicable theory" by asking leave to file additional affidavits in this court. The motion was denied on the ground that errors on the part of the moving party below cannot properly be rectified in this manner.

■ Generally speaking, an appellate court is bound by the condition of the record as it existed in the trial court at the time of the ruling that is questioned. In two early California cases, this rule is enunciated. The opinion in *R. H. Herron Co.* v. *Westside Elec. Co.*, 18 Cal.App. 778, 780-781 [124 P. 455], says: "The supplemental affidavit filed long after the perfecting of this appeal can constitute no proper part of the record to which we are entitled to look in determining the question presented." In the second case, *Nason* v. *Feldhusen*, 34 Cal.App. 789 [168 P. 1162], an appeal from an order changing the place of trial of an action resulted in a holding

that, even if an affidavit offered for filing in the Court of Appeal were relevant, it could not be considered by the appellate court because it was not authenticated as a part of the record as required by the then existing rules of court.

Recent cases have reaffirmed and emphasized this early rule. (See: *Ivens* v. *Simon*, 212 Cal.App.2d 177 [27 Cal.Rptr. 801]; *Dryer* v. *Dryer*, 231 Cal.App.2d 441 [41 Cal.Rptr. 839]; *People* v. *Croft*, 134 Cal.App.2d 800 [286 P.2d 479]; *Solomon* v. *Solomon*, 118 Cal.App.2d 149 [257 P.2d 760].)

In *People* v. *Croft, supra,* 134 Cal.App.2d 800, the appellant in a *coram nobis* proceeding attempted to introduce several affidavits which had not been before the trial court. In the opinion, the court said, at page 804: "No facts outside the record and no affidavits which were not before the trial court can be considered on appeal."

In opposing this well-known rule, the appellant cites *Nanny* v. *Ruby Lighting Corp.,* 108 Cal.App.2d 856 [239 P.2d 885], in which the Court of Appeal permitted the filing of an affidavit of merits on appeal based essentially on the right extended to the Court of Appeal to take additional evidence principally for the purpose of an affirmance. *Nanny* v. *Ruby Lighting Corp., supra,* 108 Cal.App.2d 856, 861; *Tupman* v. *Harberker,* 208 Cal. 256, 266-267 [280 P. 970].) In the instant case, affirmance is not what the petitioner desires but reversal.

Furthermore, it should be observed that the *Nanny* case involved an appeal under the former procedure permitting appeals after the granting or denial of a change of venue. Since then, the Legislature has seen fit to abolish such appeals and to substitute, instead, applications for writs of mandamus; this change of procedure was induced principally for the purpose of cutting down the time within which the question of the propriety of the venue fixed by the trial court could be resolved. (Witkin, Cal. Procedure (1965 Supp.) Actions, § 253, p. 308; Appeal, § 21, p. 839.)

We know of no principle which would permit an application for a writ of mandamus to be supplemented by affidavits of this type filed for the first time in the Court of Appeal.

The application for a writ of mandamus is denied.

Stone, J., and Gargano, J., concurred.