[Civ. No. 14620. Third Dist. Nov. 18, 1974.]

JOHN M. MOSBY et al., Petitioners, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
WALTER J. LUCAS, Real Party in Interest.

■ **223**

## COUNSEL

Lewitt, Hayden & Hackman, Glenn M. Hayden, Leon Lewitt and Richard M. Hoefflin for Petitioners.

No appearance for Respondent.

J. K. Pickering for Real Party in Interest.

## OPINION

**PUGLIA, J.**—The motion of petitioners, John M. and Marilyn J. Mosby (hereinafter "defendants"), for change of venue was denied by the trial court. They apply herein for a peremptory writ of mandate directing the superior court to set aside the denial of the motion and to order the place of trial changed to Santa Barbara County, the county of defendants' residence. We issued an order to show cause and stayed further proceedings in the trial court pending further order of this court.

The real party in interest, Walter J. Lucas (hereinafter "plaintiff"), filed a verified complaint in the Superior Court of Shasta County setting forth four causes of action and naming the defendants individually and doing business as Mosby Ranches and Cottonwood Freight Lines. There were two other named defendants, "Mosby Ranches, a partnership" and "Cottonwood Freight Lines, a partnership." Plaintiff seeks declaratory relief, injunctive relief, appointment of a receiver, an accounting and damages. The causes of action all rise from a contractual relationship between plaintiff and the defendants wherein the plaintiff, for compensation, undertook to supervise, control and direct certain of defendants' business enterprises consisting of cattle ranches and a hauling company. It is indisputable that the causes of action are all transitory.

■ Generally the venue of a transitory action against a natural person is governed by Code of Civil Procedure section 395,[1] the text of which, insofar as pertinent hereto is set out in the margin.[2] It will be observed

---

[1] All section references hereinafter are to the Code of Civil Procedure unless otherwise stated.

[2] Section 395 provides in part: "(a) Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. . . . when a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed or in which the contract in fact was entered into

that the statute creates a preference for trial in the county of a defendant's residence. A plaintiff's right to trial in some other county is an exception to the general rule and therefore requires express statutory justification. (*Kaluzok* v. *Brisson* (1946) 27 Cal.2d 760, 763 [167 P.2d 481, 163 A.L.R. 1308]; *Cal-Ore Lumber Sales* v. *Russell* (1955) 133 Cal.App.2d 296, 301 [284 P.2d 179]; *Deas* v. *Lido Lumber Co.* (1955) 132 Cal.App.2d 402 [282 P.2d 90].)

■ The statute provides exceptions for actions "founded on" a contract. In those actions the proper place of trial may be, in addition to defendant's residence, the county where the contract was entered into or the county in which defendant's obligation is to be performed, except that the county in which the contract was entered into is deemed to be the place of performance unless there is a special contract in writing to the contrary.

The agreement between the parties herein is in writing. It does not appear from the complaint, the agreement itself or the declarations submitted by the parties that the contract was entered into in Shasta County. Furthermore, the only writing referring to place of performance is in the agreement itself and relates to *plaintiff's* performance under the contract. The place of performance exception in section 395 refers exclusively to the place where *defendant's* obligation under the contract is to be performed, concerning which no express provision has been made in the instant case.

While plaintiff points to certain of defendants' obligations under the contract that inferentially are to be performed in Shasta County, it is clear that a "special contract in writing" as contemplated by section 395 is one whose provisions are express and not dependent upon implication. (*Caffrey* v. *Tilton* (1952) 38 Cal.2d 371, 374 [240 P.2d 273].) Thus neither statutory exception to the preferred place of trial for a contract action against an individual defendant is applicable here. Accordingly insofar as the venue of this action is governed by the presence as parties of the individual defendants, the proper county for trial is the residence of the individual defendants or one of them.

The ruling of the trial court, however, did not turn upon the status of the individual defendants. Rather, the determinant in the trial court's decision was its characterization of Cottonwood Freight Lines as an unincorpo-

---

or the county in which the defendant or any such defendant resides at the commencement of the action shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary. . . ."

rated association and thus an entity whose relationship to the action could and did furnish the basis to lay venue.[3]

Generally, the venue of an action against an unincorporated business association is governed by sections 395.2 and 395.5 (formerly § 16, art. XII, Cal. Const.).[4]

■ The alternative provided by section 395.5 to lay venue in the county of the principal place of business applies only to corporations and not to unincorporated associations. (*Juneau etc. Corp.* v. *Intl. Longshoremen* (1951) 37 Cal.2d 760, 763 [235 P.2d 607].) The remaining bases for fixing venue contained in section 395.5, i.e., where the contract is made or to be performed or where the obligation or liability arises or the breach occurs, are in terms equally applicable to corporations and unincorporated associations alike. (*Juneau etc. Corp.* v. *Intl. Longshoremen, supra*, 37 Cal.2d at p. 763.)

As already noted, venue in Shasta County cannot be sustained on the basis that the contract was made there. Furthermore, it cannot be ascertained from the record in what county the obligation or liability arose or the alleged breach occurred.

The remaining ground in section 395.5 for fixing venue in an action against an unincorporated association, i.e., where the contract is to be performed, furnished the basis for the trial court's order denying the defendants' motion to change venue. The trial court was of the view that, unlike section 395, in which performance as a basis for venue is literally limited to defendant's performance, the cognate provision of section 395.5 applies equally to performance by a defendant *or* a plaintiff. The contract between the parties expressly requires substantial performance by plaintiff in Shasta County. The trial court ruled such requirement a sufficient basis

---

[3]Section 388 of the Code of Civil Procedure in pertinent part provides: "(a) Any partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name which it has assumed or by which it is known."

[4]Code of Civil Procedure section 395.2 provides: "If an unincorporated association has filed a statement with the Secretary of State pursuant to Section 24003 of the Corporations Code listing its principal office in this state, the proper county for the trial of an action against such unincorporated association is the same as it would be if the unincorporated association were a corporation and, for the purpose of determining such county, the principal place of business of the unincorporated association shall be deemed to be the principal office in this state listed in the statement."

Code of Civil Procedure section 395.5 provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

to support venue in Shasta County. (See, however, *E. A. Hosmer & Co.* v. *Shand & Jurs Co.* (1957) 154 Cal.App.2d 636 [316 P.2d 1012]; *Union Oil Co.* v. *Basalt Rock Co., Inc.* (1939) 30 Cal.App.2d 317 [86 P.2d 139]; Chadbourn, Grossman & Van Alstyne, Cal. Pleading (1961) § 334, pp. 266-267.)

Assuming the analysis of the trial court is correct, two conflicting venue provisions are concurrently applicable to this case. ■ The venue provisions applicable to individual defendants (§ 395) when applied to the circumstances of this case provide that only one county, that of an individual defendant's residence, is the proper county for trial. On the other hand, the venue provisions applicable to actions against unincorporated associations (§ 395.5) when applied to the facts of this case support the place of performance as a proper county for trial. As between these two conflicting venue provisions it has long been settled that preference will be accorded to the right of an individual defendant to trial in the county of his residence. ■ When a plaintiff brings an action against several defendants, both individual and corporate, in a county which is neither the residence nor the principal place of business of any defendant, an individual defendant has a right upon proper showing to a change of venue to the county of his residence even though venue as initially laid may otherwise be justifiable upon one or the four alternative grounds provided by section 395.5 in actions against corporations. (*The G. &. S. Co.* v. *The M. & H.F.C. Co.* (1895) 107 Cal. 378, 381 [40 P. 495]; *Brady* v. *The Times-Mirror Co.* (1895) 106 Cal. 56, 58 [39 P. 209]; *Rosen* v. *Kessler* (1956) 145 Cal.App.2d 676, 681 [303 P.2d 110]; *J. C. Millett Co.* v. *Latchford-Marble Glass* (1956) 144 Cal.App.2d 838, 840 [301 P.2d 914]; *Pac. Bal Industries* v. *Northern Timber* (1953) 118 Cal.App.2d 815, 828 [259 P.2d 465]; see also *United Pac. Ins. Co.* v. *Superior Court* (1967) 254 Cal.App.2d 897, 899 [62 Cal.Rptr. 737]; *Walker* v. *Wells Fargo Bk. & U. T. Co.* (1937) 24 Cal.App.2d 220 [74 P.2d 849].) The foregoing rule applies with equal force where, as here, the business entity defendant is not a corporation but an unincorporated association. (*Nelson* v. *East Side Grocery Co.* (1915) 26 Cal.App. 344, 348 [146 P. 1055].)

■ However, where individuals are properly joined as defendants with an unincorporated association and venue is laid in the county of residence of the association, the preference for residence venue is satisfied and an individual defendant may not of right secure a change of venue to the county of his residence. (*McClung* v. *Watt* (1922) 190 Cal. 155, 157-158 [211 P. 17].) ■ The principal place of business of an unincorporated association is the county of its residence for venue purposes. (*Id.* at p. 158;

§§ 395.2 and 395.5.) Accordingly, if none of the defendants in the instant action are residents of Shasta County, defendants are entitled, upon a proper showing, to a change of venue to the county of their residence notwithstanding that the place of plaintiff's performance under the contract was in Shasta County, assuming, for present purposes, that the place of *plaintiff's* performance in fact provides a basis to lay venue under section 395.5.

We now consider a contention which, upon the record before us, does not appear to have been presented to the trial court. The defendants contend that Mosby Ranches and Cottonwood Freight Lines are not jural entities, that they are not unincorporated associations within the meaning of the venue provisions of the Code of Civil Procedure and, that consequently, the choice of proper county for trial is controlled exclusively by the status of the individual defendants without reference to the fact that Mosby Ranches and Cottonwood Freight Lines are named separately in the complaint and purportedly are sued in their own right. In declarations filed with this court, defendants allege that their intention in acquiring the personal property used in the operation of Cottonwood Freight Lines was to hold the same as community property; that it was never intended to be held or used by a partnership; and that they never had the intention to form nor did they form a partnership.

The Corporations Code defines an unincorporated association as "any partnership or other unincorporated organization of two or more persons, whether organized for profit or not, . . ." (Corp. Code, § 24000.) It will be recalled that Mosby Ranches and Cottonwood Freight Lines are described in the caption of the complaint as partnerships. In the body of the complaint they are alleged to be "business organization[s]" and the agreement sued upon, a copy of which is attached to the complaint as an exhibit and incorporated by reference therein, recites that defendants owned and operated a "hauling company" designated as Cottonwood Freight Lines doing business at Cottonwood, California.

Allegations in the complaint relevant to the issues raised by a motion to change venue are themselves competent evidence upon the questions to be determined. (*Pac. Bal Industries* v. *Northern Timber, supra,* 118 Cal.App.2d 815, 827.) When a determination of the status of the parties defendant is necessary to a ruling upon a motion to change venue, that determination must be based upon the pleadings (here the complaint verified by plaintiff) (see *McClung* v. *Watt, supra,* 190 Cal. at p. 159) and other competent evidence, if any, such as affidavits or declarations of the parties (see *Sam Finman, Inc.* v. *Rokuz Holding Corp.* (1955) 130 Cal.

App.2d 758, 760 [279 P.2d 982]; *Pac. Bal Industries* v. *Northern Timber, supra,* 118 Cal.App.2d at p. 827).

Here the only evidence adduced by the defendants in the trial court in support of their motion was by declaration. The separate declarations of defendants alleged that they owned the entire interests in Mosby Ranches and Cottonwood Freight Lines. In the declaration of defendant John Mosby, Cottonwood Freight Lines is referred to as a business "entity." There was no other evidence before the trial court bearing upon this issue. Upon the record as heretofore described, the trial court considered Cottonwood Freight Lines to be an unincorporated association within the meaning of section 395.5. That determination is supported by the evidence and thus will not be disturbed by this court. (See *Gottesfeld* v. *Richmaid Ice Cream Co.* (1953) 115 Cal.App.2d 854, 860 [252 P.2d 973].)

Moreover, so far as the record below reveals, the contention that Cottonwood Freight Lines is not an unincorporated association is advanced for the first time in this court. Contentions not presented to the trial court may not be raised here for the first time. Also the declarations of defendants filed in this court in support of the foregoing contention were not before the trial court and therefore cannot be considered in this proceeding. (*Gutierrez* v. *Superior Court* (1966) 243 Cal.App.2d 710, 729-730 [52 Cal.Rptr. 592]; *Pacific Air Lines, Inc.* v. *Superior Court* (1965) 231 Cal. App.2d 587, 590 [42 Cal.Rptr. 68].)

We turn now to the sufficiency of defendants' showing to entitle them to a change of venue. The motion was made on the ground that the action was brought in the wrong county.[5] Defendants have the burden of showing that venue is proper in the county to which they seek transfer and also of showing that Shasta County is not a proper place for trial under *any* applicable theory. (*Sequoia Pine Mills, Inc.* v. *Superior Court* (1968) 258 Cal.App.2d 65, 68 [65 Cal.Rptr. 353].)

Defendants' declarations alleging residence in Santa Barbara County at the time of the commencement of the action are uncontroverted. Thus defendants have satisfactorily established that Santa Barbara County, the county to which they seek the removal of this action, is a proper place for trial. Shasta County may also be a proper place for trial if, but only if, it was the residence of either of the two unincorporated associations named as defendants at the commencement of the action. In order to secure a

---

[5]Code of Civil Procedure section 397 in pertinent part provides: "The court may, on motion, change the place of trial in the following cases: 1. When the court designated in the complaint is not the proper court. . . ."

change of venue it is incumbent upon the defendants to negative the only possible theory upon which venue could properly belaid in Shasta County. (*Sequoia Pine Mills, Inc.* v. *Superior Court, supra,* 258 Cal.App.2d at p. 68.)

In an action against an unincorporated association, venue is properly laid in the county where the principal place of business of such association is situated if the association has filed a statement pursuant to California Corporations Code section 24003.[6] The trial court considered but rejected as a basis for fixing venue in Shasta County the claim that Cottonwood Freight Lines had its principal place of business there, expressing doubt whether such basis is available in an action against an unincorporated association where there has been no compliance with Corporations Code section 24003. The trial court's assumption that there had been no compliance with that provision finds no support in the record which is entirely devoid of evidence as to whether such a statement was or was not filed.

Defendant John Mosby's declaration alleged that he and his wife owned the entire interests in Mosby Ranches and Cottonwood Freight Lines; that part of the business of Cottonwood Freight Lines was conducted in Shasta County but "other than that entity, no other business of the undersigned or his wife or any other businesses owned or conducted by them are located in Shasta County." The foregoing allegation is hardly a positive averment that the principal place of business of Cottonwood Freight Lines is in Shasta County but neither does it negative that possibility.

Section 395.2 and Corporations Code section 24003 (added by Stats. 1967, ch. 1324) were enacted for the benefit of unincorporated associations to afford a measure of protection against suits in inconvenient forums similar to the protection conferred upon corporations by section 395.5.[7] (See West's Cal. Code Civ. Proc. Ann., § 395.2, and comment thereto by Senate committee; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 475, p. 1297.) Accordingly, these provisions are permissive. An unincorporated association that has not availed itself of the protection provided therein has no residence for venue purposes independent of that of its several

---

[6] Corporations Code section 24003 provides that an unincorporated association may file with the Secretary of State a statement designating the location and address of the association's principal office in this state.

[7] In addition to the four bases for venue in section 395.5 applicable to unincorporated associations, where the association has no principal place of business, venue is also proper in the county of residence of any member of the association. (*Juneau etc. Corp.* v. *Intl. Longshoremen, supra.*)

members. Defendants could have met their burden by a competent showing either that the business association defendants had not complied with Corporations Code section 24003 or alternatively, if either or both had complied, that in either case the principal office designated was situated in a county other than Shasta. In the absence of a sufficient showing negativing residence of one of the nonmoving defendants in the county where the action is laid it will be presumed that such nonmoving defendant was actually a resident of that county when the suit was commenced. (*Sequoia Pine Mills, Inc.* v. *Superior Court, supra,* 258 Cal.App. 2d at p. 69.)

The order to show cause is discharged. The petition for writ of mandate is denied.

Richardson, P. J., and Janes, J., concurred.

A petition for a rehearing was denied December 5, 1974, and petitioners' application for a hearing by the Supreme Court was denied February 13, 1975.