KONENKAMP, Justice
(concurring in result).
[¶ 12.] If we are going to overrule our precedent, we ought to say so explicitly. In a case plaintiff relies on, Kreager v. Blomstrom Oil Co., this Court held that “the determination of a venue motion must be made from the allegations of plaintiffs *612 complaint; no other pleading is relevant to the issue.” 298 N.W.2d 519, 520 (S.D.1980) (citation omitted). Today, to thwart artfully drafted complaints, the Court rules: “we now hold that courts making proper venue determinations are not limited to only examining the complaint.” I agree.
[¶ 13.] This common sense holding comports with rulings in other jurisdictions. Along with this rule change, though, we should provide restrictions on what will suffice for proper consideration in venue hearings. The Court includes “pleadings and evidence, such as the parties’ motions, affidavits, and other relevant matters.” See majority opinion ¶ 3. But concern with artfully drafted complaints might well extend to similarly drafted “motions” and “pleadings,” not to mention “other relevant matters.” For good reason, other states limit ultimate consideration to competent evidence, such as offered in verified pleadings, sworn testimony, and affidavits. See, e.g., Mosby v. Superior Court, 43 Cal.App.3d 219, 117 Cal.Rptr. 588, 593 (1974). We should do likewise.
[¶ 14.] Under SDCL 15-5-10, when a party timely “demands in writing that the trial be had in the proper county,” the court may change the place of trial where the county designated in the complaint is not the proper county. SDCL 15-5-11; Kolb v. Monroe, 1998 S.D. 64, ¶ 11, 581 N.W.2d 149, 151 (untimely demand). Although we have not established a procedure for how these matters should be handled, we would do well to borrow the process used in other state courts. See generally 77 Am.Jur.2d Venue § 44; 92A C.J.S. Venue § 71. Accordingly, the party raising the issue has the burden of proving improper venue. For the purposes of evaluating a claim of improper venue, the allegations in the complaint are taken as true, at least initially. An objecting party bears the burden of proving by competent evidence that suit has been brought in the wrong county. Thereafter, the other party may respond with evidence to counter the objecting party’s offering. In ruling on the question of proper venue, the trial court should enter findings of fact and conclusions of law.
[¶ 15.] Here, in support of his demand to change venue, defendant submitted an affidavit with numerous attachments showing the treatment plaintiff received and where it was administered. Venue was changed to Hughes County. In later denying plaintiffs motion for reconsideration, the trial court found that there was no testimony from plaintiffs expert to support that negligence occurred or injury was inflicted at the times plaintiff was treated in Buffalo County. These findings have not been shown to be erroneous. Thus, the change of venue should be affirmed.